# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re

   FREEDOM INDUSTRIES, INC.                         Case No. 14-20017
                                                                Chapter 11

   Debtor

---

AMANDA FRANKLIN, NICOLE HELMS,
BRIAN MARTIN, AMANDA NAPIER,
JAMES PEYTON, TARA SWEENEY,
DANIELLE KNIGHT, JASON COOPER ,

                              Plaintiffs,

     v.                                                      A.P. No. _____

FREEDOM INDUSTRIES, INC.,
CHEMSTREAM HOLDINGS, INC.,
ROSEBUD MINING COMPANY,
GARY SOUTHERN, J. CLIFFORD FORREST, and
JOHN DOES 1 TO 99,

                              Defendants.

## C O M P L A I N T

     For their Complaint in this matter, Plaintiffs, by their Counsel, William V. DePaulo, Esq., state as follows:

### I.    Jurisdiction and Venue

     1.    This Court has jurisdiction over this cause of action under 28 U.S.C. § 1334 and the Order of Reference of Title II cases to this Court entered by the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 157. This action is a core proceeding.

2. Venue properly lies in this district under 28 U.S.C. § 1409 (a) as this is a proceeding related to the captioned bankruptcy case pending in this district under Title 11 of the United States Code.

## II.    Parties

3. Plaintiffs Amanda Franklin, Nicole Helms, Brian Martin, Amanda Napier, James Peyton, Tara Sweeney, Danielle Knight, Jason Cooper (hereafter collectively "Plaintiffs") are employees of businesses located in Kanawha and Putnam Counties, West Virginia that were closed as a result of Defendant Freedom Industries, Inc.'s reckless and grossly negligent operation of a chemical storage facility on the Elk River in Kanawha County, West Virginia, which caused the plaintiffs to lose wages in an amount to be proved at trial.

4. Defendant Freedom Industries, Inc. (hereafter "Defendant") is a corporation organized under the laws of West Virginia, with its principal place of business in Charleston, West Virginia located at 1015 Barlow Drive, Charleston, WV 25311.

5. Pursuant to the safe harbor provisions of Rule 11, Plaintiffs believe that a reasonable opportunity for discovery will elicit evidence supporting the allegation, and therefore allege, that Defendants Chemstream Holdings, Inc., Rosebud Mining Company, Gary Southern, J. Clifford Forrest, and John Doe 1 through John Doe 99 are individuals and/or other business entities that acted in concert with, and as the alter ego of, Defendant Freedom Enterprises, Inc. in disregard of business formalities such as to warrant piercing the veils of the corporate and/or limited liability company in order to marshal the assets of those Defendants on behalf of the creditors of the Debtor's estate.

### III.    Statement of Facts

6.    On January 9, 2014, Defendant operated a chemical storage facility on the Elk River in Kanawha County West Virginia and, through gross negligence and recklessness, caused 4-methylcyclohexane methanol (hereafter 4-MHCH) a highly toxic chemical used in process of coal washing to leak and/or leach into the Elk River at a location approximately one and one-half miles above the intake of the water treatment facility owned and operated by West Virginia American Water Company, which distributes drinking water to some 300,000 customers in nine adjacent counties.

7.    Upon discovery of the leak, West Virginia Governor Early Ray Tomblin declared a state of emergency and West Virginia American Water Company issued a DO NOT USE advisory which effectively deprived all individuals and businesses in the affected area of use of water from West Virginia American Water for any purposes other than flushing and fire fighting.

8.    As a direct and totally foreseeable consequence of Defendant's reckless and grossly negligent operation of its chemical facility, all restaurants in the affected area were forced to close until further notice, causing losses to those businesses and lost wages to those businesses' employee, including Plaintiffs.

### IV.    Class Action Allegations

9.    Pursuant to Fed. R. Civ. P. 23, the Representative Plaintiffs bring this action on behalf of themselves and all other members the Class defined as follows:

>  (a) All individuals or legal entities who own and/or operate a restaurant within Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam and Roane counties who are customers supplied with water from American Water Works.

(b) All individuals who were employed at restaurants operated within Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam and Roane counties who are customers supplied with water from American Water Works.

(c) All individuals who as vendors or independent contractors suffered economic injury as a result of the interruption of their commercial relationships with restaurants operated within Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam and Roane counties who are customers supplied with water from American Water Works.

10. All Plaintiffs named herein, and as will be identified via amendment, are and/or have been, at all relevant times, individuals or legal entities who own, operate, work at, or provide goods and services to restaurants in Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam and Roane counties, and whose water supply was exposed to dangerous levels of 4-MCHM as a result of Debtor's reckless discharge of 4-MCHM into Plaintiffs' water supply. Plaintiffs number approximately 300,000 individuals or legal entities.

11. This action satisfies the numerosity, commonality, typicality, and adequacy requirements for class certification set forth in Rule 23 of the Federal Rules of Civil Procedure.

12. The Putative Class is so numerous that the individual joinder of all potential members is impracticable.

13. Common questions of fact and law exist as to all members of the Putative Class and predominate over any questions affecting only individual Class Members. The common legal and factual questions do not vary in form from Class Member to Class Member and include the following:

(a) Whether Defendants were negligent;

(b) Whether Defendants created a nuisance;

(c) Whether Defendants engaged in abnormally dangerous activity, rendering it strictly liable for any resulting damages;

4

   (d) Whether Defendants actions and/or inactions caused a substantially increased risk of adverse health effects due long-term exposure to 4methylcyclohexane methanol emitted from its Facility;

   (e) Whether Plaintiffs were injured by Defendants conduct; and

   (f) Whether Defendants acted in conscious disregard for the rights and safety of other persons causing substantial harm, rendering it liable for punitive or exemplary damages.

  14.  The above common questions predominate over any questions affecting individual members of the Putative Class.

  15.  The Representative Plaintiffs claims are typical of the claims of the other members of the Putative Class. The Representative Plaintiffs, like all other Putative Class members own and/or operate restaurants within the Putative Class area and were adversely affected by the incident outlined herein. Their claims arise from the same event or course of conduct giving rise to the claims of all members of the Putative Class.

  16.  The Representative Plaintiffs will fairly and adequately protect the interest of the Putative Class. The Representative Plaintiffs interests are not antagonistic, but rather are identical to the interests of all members of the Putative Class. The Representative Plaintiffs counsel have experience in handling litigation of this type and are qualified to prosecute the claims of the Class. The Representative Plaintiffs counsel are competent and experienced in personal injury, environmental, and property damage litigation, as well as litigation related to the loss of use of property, and litigation related to the establishment of a fund for medical monitoring and surveillance.

  17.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Adjudication of the Class members claims would otherwise require hundreds of individual suits with concomitant duplications of costs, attorney fees, and demand upon

5

court resources. If individual Class Members were required to pursue their claims through separate, individual suits, the potential for recovery would be outweighed by the high cost of investigation, discovery, and expert testimony on sophisticated scientific and technical issues relating to the liability of Defendant and appropriate relief.

## V.     Causes of Action

**COUNT I –  Tortious Interference With Commercial Expectation**

18.     Plaintiffs incorporate all prior paragraphs of this Complaint.

19.     At all times relevant to this Complaint, Plaintiffs had existing business relationships that Plaintiff previously developed and continued during all time periods relevant to this Complaint. Defendant knew, or should have known, that it recklessness would jeopardize numerous business relationships.

20.     Defendant recklessly interfered, and continue to interfere, with Plaintiffs business relationships by operating the Facility and by contaminating Plaintiffs water supply with 4-MCHM.

21.     Defendant possess no privilege to interfere and lack justification for interfering with Plaintiffs business relationships.

22.     Defendant acted with recklessness and with wanton and willful disregard of Plaintiffs rights.

23.     As a direct and proximate result of the actions of Defendant, Plaintiff has and will

sustain monetary damages caused by the loss of the benefit of the business relationships in an amount to be determined at trial.

### COUNT II – Strict Liability

24. Plaintiffs incorporate all prior paragraphs of this Complaint.

25. Plaintiffs states that they believe that a reasonable extension of current law would include, and they therefore now allege, that the operation of its chemical production and other facilities for the production of materials such as those produced by Defendants, is an inherently unsafe activity, and that Defendants should be held strictly liable for any and all damages incurred by Plaintiffs, regardless of any showing of negligence, negligence per se, and/or gross negligence and recklessness.

26. The Defendant's acts and omissions in the course of its abnormally dangerous activities have directly and proximately caused harm to the Plaintiffs, and the Plaintiffs are entitled to recover compensatory and punitive damages in an amount determined at trial.

### COUNT III   Nuisance Per Se

27. Plaintiffs incorporate all prior paragraphs of this Complaint.

28. The Debtor's reckless operation of a chemical facility in close proximity to the drinking water intake for nine counties of West Virginia, violated applicable statutes and regulations and was, therefore, a nuisance per se.

29. Plaintiffs allege that the operation of Defendants' chemical plant in close proximity to the drinking water intake for nine counties of West Virginia was the proximate cause of the injuries

Plaintiff sustained on January 9, 2014 and thereafter, and Plaintiffs are entitled to damages in an amount necessary to compensate her fully.

### Count IV – Recklessness and/or Gross Negligence

30. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein.

31. The Defendant intentionally disregarded and continues to disregard the substantial and unjustifiable risk that the Chemical and other abandoned and uncontained materials will cause harm to the Plaintiffs.

32. The Defendant owes a duty of reasonable care to the Plaintiffs. The Defendant foresaw and continues to foresee that its activities would breach that duty and cause harm to the Plaintiffs.

33. As a direct and proximate result of the Defendant's recklessness or gross negligence, Plaintiffs suffered pecuniary loss and emotional harm for which they are entitled to recover.

### COUNT V – Negligence

34. Plaintiffs incorporate all prior paragraphs of this Complaint.

35. Defendants owe Plaintiffs a duty of reasonable care, in producing and storing 4-MCHM, to refrain from acts or omissions that cause injury to Plaintiffs. Defendant owes the Plaintiffs a duty to conduct its operations in a reasonably safe and prudent manner.

36. Defendants' duty of care to the Plaintiffs included the duty to protect them from foreseeable harm from negligently designed and/or negligently executed operation of the Defendants' facility would injure the Plaintiffs through diminution of their business revenue, imposition of unwarranted environmental dangers, water contamination, and violation of their property rights.

37. Defendants breached their duties to the Plaintiffs by failing to store 4-MCHM prudently and allowing that toxic chemical to leak and infiltrate the water supply.

38. Defendant has negligently manufactured and stored 4-MCHM and has negligently and proximately caused physical invasions and intrusions into the public water supply. Such acts and omissions have directly and proximately caused injury to the Plaintiffs, and will continue to cause injury to the Plaintiffs. The Plaintiffs are therefore entitled to recover compensatory and punitive damages.

### COUNT VI – Private Nuisance

39. Plaintiffs incorporate all prior paragraphs of this Complaint.

40. Defendants' operation of a chemical manufacturing and other toxic product facility in close proximity to the drinking water intake for nine counties of West Virginia creates an unreasonable risk of serious bodily injury and/or death to the citizens of WV, which risks greatly outweighs any perceived benefit, economic or otherwise, to the community at large.

41. Defendants' operation of their chemical manufacturing and other facilities in close proximity proximity to the drinking water intake for nine counties of West Virginia, constitutes a private nuisance which has affected Plaintiff adversely in the past, affects plaintiff adversely currently

9

and will in the future affect Plaintiffs adversely, unless enjoined.

42. Plaintiff further alleges that the negligent operation of Defendants' chemical plant and other facilities in close proximity to the drinking water intake for nine counties of West Virginia was the proximate cause of the injuries Plaintiffs have sustained sustained, for which they are entitled to damages in an amount necessary to compensate them fully.

43. Pursuant to Rule 11, W. Va. R. Civ. P., Plaintiffs state that they believe a reasonable opportunity for discovery will produce evidence of, and she therefore now alleges, that Defendants on January 9, 2014 knew or should have known that their operation of their chemical and other facilities in close proximity to the drinking water intake for nine counties of West Virginia constituted an unreasonable risk of injury to Plaintiffs and other citizens, such that Plaintiffs are entitled to an award of punitive damages in an amount necessary to deter such intentional conduct by the Defendants and others in the future.

## COUNT VII - Public Nuisance

44. Plaintiff incorporates all prior paragraphs of this Complaint.

45. Defendants' operation of a chemical manufacturing facility in close proximity to the drinking water intake for nine counties of West Virginia creates an unreasonable risk of serious bodily injury and/or death to thousands of citizens, which risks greatly outweigh any actual or perceived benefit -- economic or otherwise -- to the community at large.

46. Plaintiff in good faith believes that an opportunity for discovery will disclose, and she therefore now alleges, that Defendants have repeatedly and continuously violated applicable federal

and state statutes, regulations and permits, in their operation of their chemical manufacturing facility in close proximity to the drinking water intake for nine counties of West Virginia, and, consequently, Defendants' operation of their chemical manufacturing plants constitutes a public nuisance.

47.    Such public nuisance has affected Plaintiffs in a manner different from the impact on the public at large, and Plaintiffs therefore have standing to litigate the lawfulness of Defendants continuing public nuisance.  Specifically, Plaintiffs allege that the operation of Defendants' chemical plant in close proximity to the drinking water intake for nine counties of West Virginia was the proximate cause of the injuries Plaintiff sustained on January 9, 2014 and thereafter, and Plaintiffs are entitled to damages in an amount necessary to compensate them fully.

48.    Pursuant to Rule 11, W. Va. R. Civ. P., Plaintiffs states that they believe a reasonable opportunity for discovery will produce evidence of, and she therefore now alleges, that Defendants are, and on January 9, 2014 were, fully aware that their operation of their chemical facility in close proximity to the drinking water intake for nine counties of West Virginia constituted a public nuisance, such that Plaintiff is entitled to an award of punitive damages in an amount necessary to deter such intentional conduct by the Defendants and others in the future.

### COUNT VIII -- Injunctive and Mandamus Relief

49.    Plaintiffs incorporate all prior paragraphs of this Complaint.

50.    Plaintiffs are entitled to injunctive relief barring Defendants continued operation of a public and private nuisance unless and until Defendants revise their policies and procedures to require compliance with best industry practices and all applicable statutes and regulations.

V.      Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully request that this Court enter Judgment in Plaintiffs' favor against Defendants as follows:

A.    awarding each Plaintiff compensatory and punitive damages as determined at trial;

B.    certifying this action as a Class Action under applicable law;

C.    directing Defendant to abate the private and public nuisances described herein;

D.    awarding prejudgment and post-judgment interest as provided by law;

E.    awarding costs of this litigation, including expert witness fees;

F.    awarding reasonable attorney fees as provided by law;

G.    declaring Defendants operations to be in violation of West Virginia common law and, therefore, be declared a public and private nuisance;

H.    awarding such other and further relief as the facts and law warrant and the interests of justice require.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**AMANDA FRANKLIN, NICOLE HELMS, BRIAN MARTIN, AMANDA NAPIER, JAMES PEYTON, TARA SWEENEY, DANIELLE KNIGHT, and JASON COOPER**

By Counsel

/s/William V. DePaulo
_____
William V. DePaulo, Esq. #995
179 Summers Street, Suite 232
Charleston, WV 25301
Tel: 304-342-5588
Fax: 304-342-5505
william.depaulo@gmail.com