# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

---------------------------------------------------------- x
In re:                                            :    Chapter 11
                                                  :
FREEDOM INDUSTRIES, INC.,                         :    Case No. 14- 20017
                                                  :    Related to Docket Nos 15 and 54
                       Debtor.                    :
                                                  :    The Honorable Ronald G. Pearson
---------------------------------------------------------- x


## UNITED STATES TRUSTEE'S MOTION PURSUANT TO FED. R. BANKR. P. 9023 AND FED. R. CIV. P. 59 TO AMEND ORDER REGARDING EMPLOYMENT OF MCGUIREWOODS LLP AS COUNSEL FOR THE DEBTOR

The United States Trustee for Region 4 (the "U.S. Trustee"), through her undersigned counsel, hereby moves, pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59, for reconsideration and amendment of the Order Pursuant to 11 U.S.C. §§ 327(a) and 329 Authorizing the Employment and Retention of McGuireWoods LLP as Counsel for the Debtor Effective as of the Petition Date (the "Order"), to the extent that Order is final notwithstanding Rule 6003 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the U.S. Trustee states as follows:

### PRELIMINARY STATEMENT

1. Within days after the filing of this bankruptcy case, the Court—as is customary in large, complex, chapter 11 bankruptcy cases—entered a series of "first day" orders granting the Debtor various forms of emergency relief. Among these was the Order approving the retention of McGuireWoods LLP ("McGuireWoods") as the Debtor's lead bankruptcy counsel. Although

{P0156391.1}

the Federal Rules of Bankruptcy Procedure generally prohibit courts from granting final approval to applications to retain professionals during the first 21 days of the case, the McGuireWoods Order appears to be final, rather than interim.

    2.    The U.S. Trustee does not seek to remove McGuireWoods from the bankruptcy case at this time, and she does not object to McGuireWoods continuing to represent the Debtor on an interim basis. Because a preliminary review of McGuireWoods's disclosures, however, revealed several connections between McGuireWoods and key parties in this case that require further investigation, the U.S. Trustee requests that the Court reconsider the portion of its order which approved the retention of McGuireWoods on a final basis and amend the order to grant interim relief only until the U.S. Trustee and other interested parties (including the Official Committee of Unsecured Creditors, once appointed) have had a full opportunity to investigate McGuireWoods's connections.

## STATEMENT OF FACTS

**A.    Entry of the McGuireWoods Retention Order as a Final Order**

    3.    On January 17, 2014, Freedom Industries, Inc. ("the Debtor") filed a voluntary petition for reorganization relief under Chapter 11 of the Bankruptcy Code.

    4.    The U.S. Trustee is in the process of forming an Official Committee of Unsecured Creditors in this case (the "Committee").

    5.    On January 17, 2014, the Debtor filed an application for authority to retain McGuireWoods LLP ("McGuireWoods") as its lead bankruptcy counsel pursuant to 11 U.S.C. § 327(a). [Dkt. 15] (the "Application").

6. The Application did not request a waiver of Fed. R. Bankr. P. 6003(a), which prohibits courts from approving the retention of professionals within the first 21 days of a bankruptcy case.

7. On January 17, 2014, the Clerk of the Court issued a Notice to all parties in interest that objections to the Application would be due 21 days later (February 7, 2014) and that a hearing on the Application would be scheduled if a party objected to the Application.

8. Notwithstanding the Clerk's notice, on January 22, 2014, the Court entered an order approving the Application (the "Order") [Dkt. 54]. By its terms, the Order appears to approve McGuireWoods's retention on a final, rather than interim, basis.

**B.     McGuireWoods's Representation of Chemstream, LLC, J. Clifford Forrest, and Etowah River Terminal.**

9. In connection with the Application, and as required by Bankruptcy Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, on January 17, 2014, McGuireWoods filed a declaration setting forth its connections with certain parties in this bankruptcy case (the "Declaration"). The Declaration disclosed that McGuireWoods represented Chemstream Holdings, Inc. in connection with its acquisition of the Debtor in late 2013, and that it has also represented Etowah River Terminal and J. Clifford Forrest in matters unrelated to the chapter 11 case. On information and belief, Chemstream Holdings is an entity which acquired the equity of the Debtor in December 2013 (the "December 2013 Transaction"), Etowah River Terminal is an entity that was merged into the Debtor as part of the December 2013 Transaction, and J. Clifford Forrest is an individual who is affiliated with, or is in control of, both Chemstream and the Debtor's proposed post-petition lender.

10. On February 4, 2014, McGuireWoods filed a Supplemental Declaration in support of the Application [Dkt. 113]. The Supplemental Declaration stated that, in addition to the connections previously disclosed, McGuireWoods currently represents Rosebud Mining Company ("Rosebud"), a company controlled by Mr. Forrest, and several of its subsidiaries.

11. The Debtor has not yet filed its schedules and statements, and the complete details of the December 2013 Transaction have not yet been disclosed. Although the U.S. Trustee understands that the Debtor will soon be filing additional documents regarding these matters, based on the information presently available to the U.S. Trustee, it is impossible to evaluate fully whether (and to what extent) the interests of Chemstream, Rosebud, Mr. Forrest, or Etowah River Terminal may be adverse to those of the Debtor. Consequently, the U.S. Trustee lacks sufficient information at this time to determine whether McGuireWoods's representation of these entities disqualifies it from serving as Debtor's counsel in this case.

## **BASIS FOR RELIEF**

12. In a bankruptcy case, a professional person may represent the estate only if it is "disinterested" and does not "hold or represent an interest adverse to the estate." 11 U.S.C. § 327(a). The question of whether a professional represents an "interest adverse" is often highly fact- and case-specific. But connections with a debtor's owners, lenders, or co-defendants are among the relationships which, under appropriate circumstances, have been found in other cases to disqualify a law firm from representing the debtor. *See, e.g. In re N. John Cunzolo Associates, Inc.*, 423 B.R. 735 (Bankr. W.D. Pa. 2010) (disqualifying attorney based on representation of debtor's shareholder); *In re Unitcast, Inc.*, 214 B.R. 979 (Bankr. N.D. Ohio 1997) (representation of secured lender and acquiror); *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228 (Bankr. E.D. Cal. 1988). Until the Debtor has fully disclosed the details of its eve-of-

bankruptcy acquisition by Chemstream, it is simply impossible to determine if any disqualifying conflicts have been triggered.

13. In order to ensure that all parties have an adequate opportunity to review a professional's disclosures for possible conflicts of interest, the Bankruptcy Rules provide that, except as necessary to avoid irreparable harm, a court "shall not . . . grant relief regarding … an application under Rule 2014" during the first 21 days of a case. Fed. R. Bankr. P. 6003(a). As courts have noted, enforcement of this rule does not prevent debtors from obtaining legal representation in the early days of a case: a court may authorize a professional to be retained on an interim basis, and it may authorize compensation for the interim period once the final application has been approved. *See, e.g., In re Vero Fashion Outlets, LLC*, Case No. No. 09–31344–EPK, 2009 WL 7199998 (Bankr. S.D. Fla. Oct. 12, 2009).

14. In this case, the earliest date at which Rule 6003(a) authorizes a final order regarding McGuireWoods's Application is Friday, February 7, 2014. Under the circumstances of this case, however, there is cause for the Court to extend the objection deadline, and the date for a final hearing on the Application, to a later date so as to permit McGuireWoods to supplement its disclosures and to permit the U.S. Trustee and other interested parties to conduct a complete review of McGuireWoods's connections prior to a final hearing.

WHEREFORE, the U.S. Trustee requests that the Court enter an order:

(i) Amending the Order to provide that the Application to retain McGuireWoods is granted on an interim, rather than a final, basis; and

(ii) Setting a deadline to object to final approval of the Application to a date no earlier than February 21, 2014, or to such later date as may be necessary for the Debtor to complete its

financial disclosures, and to provide the U.S. Trustee, the Committee, and other interested parties

a sufficient opportunity to conduct a full review of the Application.



By: /s/  Debra A. Wertman
Debra A. Wertman
Assistant U.S. Trustee
300 Virginia Street East Suite 2025
Charleston, WV  25301
304-347-3400

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---------------------------------------------------------

In re:  :

                :

FREEDOM INDUSTRIES, INC.,  :

                :

    Debtor.  :

                :

---------------------------------------------------------

Chapter 11

Case No. 14- 20017

Related to Docket Nos 15 and 54

The Honorable Ronald G. Pearson


CERTIFICATE OF SERVICE

     I hereby certify that I have this day served the foregoing MOTION PURSUANT TO FED. R. BANKR. P. 9023 AND FED. R. CIV. P. 59 TO AMEND ORDER REGARDING EMPLOYMENT OF MCGUIREWOODS LLP AS COUNSEL FOR THE DEBTOR by ECF service.

Mark E. Freedlander
McGuire Woods LLP

Steven L. Thompson
Barth & Thompson


Date:  February 5, 2014                              /s/Debra A. Wertman

                                                                                        Debra A. Wertman