**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **FREEDOM INDUSTRIES, INC.** | ) | **Case No. 2:14-bk-20017** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| _____ | ) | |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS TO CONTINUE ALL MATTERS**
**SCHEDULED FOR FINAL HEARING ON FEBRUARY 11, 2014**

On February 5, 2014, the Office of the United States Trustee (the "US Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in the cases of the above-captioned debtor and debtor in possession (the "Debtor"). On February 5, 2014, after 3:30 p.m., the US Trustee had its initial organizational call with the Committee members advising them of their duties and their ability to retain professionals. The Debtor is on the eve of going forward with a series of very substantive motions that will irreparably impair rights of the creditors, including the due process rights of Freedom's vendors and hundreds of thousands of business owners and residents harmed by Freedom's tortious actions. The Committee asked for a short extension, but that extension was refused by counsel for Freedom.   .

The Committee respectfully requests by this emergency motion (the "Emergency Motion") that the final hearings scheduled for Tuesday, February 11, 2014, at 10:00 a.m. and 1:00 p.m. (the "Final Hearings") be continued to February 25, 2014, and that the objection deadlines be extended to no sooner than February 19, 2014, to allow the Committee time to get

"up to speed" on the Debtor's Chapter 11 case and the substantive final relief it seeks. In further

support of this Emergency Motion, the Committee respectfully states as follows:

## Preliminary Statement

The Committee has been organized for less than a single business day as of the filing of

this Motion.  The Committee has yet to retain counsel or a financial advisor. The Final Hearing

is scheduled to occur in less than seven days.  At the Final Hearing, the Debtors seek substantive

relief that may irreparably impair the rights of creditors. The Committee and its yet-to-be-hired

professionals have not had sufficient time to understand, analyze and respond to the pending

requests for relief. Allowing the Final Hearing to proceed as scheduled would be inequitable and

highly prejudicial to creditors in these cases.

The Committee does not believe that the requested continuance would prejudice the

rights of the Debtor or its lender because neither the Debtor nor the lender have articulated any

meaningful justification for an expedited hearing on any of the Final Relief requested at the Final

Hearing. Conversely, going forward with Final Relief at the Final Hearing on February 11, 2014,

would risk significantly and irreparably harming creditors in these cases. It is especially

unrealistic and inequitable to expect the Committee to do so without counsel or a financial

advisor with only a few days to analyze, understand and object as appropriate to the requested

Final Relief in the context of these cases and the proposed plan.

## Background

3.      On January 17, 2014, (the "Petition Date"), the Debtor commenced this case by

filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The factual

background relating to the Debtor's commencement of this case is set forth in Exhibit C to

Voluntary Petition [Doc 1-1].

4.     The Debtor has continued in the possession of its property and is continuing to operate and manage its business as debtor and debtor in possession.

5.     On the Petition Date, the Debtor filed the following Motions (the "First-day Motions"; and the relief sought by such motions at the Final Hearing, the "Final Relief'):

a.   Emergency Motion filed by Debtor Freedom Industries, Inc. for Interim and Final Order Authorizing Debtor-in-Possession Financing [Doc 2].

b.   Motion by Debtor Freedom Industries, Inc. to Expedite Hearing Regarding Motion to Obtain Credit or to Refinance or for Post-Petition Financing. [Doc 3].

c.   Motion filed by Debtor Freedom Industries, Inc. to Authorize Payment of Pre-Petition Wages, Benefits and Employment Taxes. [Doc 5]

d.   Motion Filed by Debtor Freedom Industries, Inc. to Authorize Debtor to Pay 503(b)(9) Claims.  [Doc 7]

e.   Motion Filed by Debtor Freedom Industries, Inc. to Authorize Debtor to Continue Using Existing Cash Management, Bank Accounts, and Business Forms [Doc 9].

f.   Motion by Debtor Freedom Industries, Inc. to Pay Taxes (prepetition taxes) [Doc 11]

g.   Motion by Debtor Freedom Industries, Inc. to Authorize Payment of Certain Essential Trade Vendors' Prepetition Obligations Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Bankruptcy Rule 6003 [Doc 13].

h.   Application by Debtor Freedom Industries, Inc. to Employ McGuire Woods LLP as Counsel to the Debtor in Possession [Doc 15].

i.   Motion filed by Debtor Freedom Industries, Inc. for Entry of Order:  (I) Prohibiting Utility Companies from altering, refusing or discontinuing services on account of prepetition invoice; and (II) Authorizing and Approving of Procedures for Providing Adequate Assurance Payments.  [Doc 16].

j.   Application by Debtor Freedom Industries, Inc. to Employ Stephen L. Thompson and Barth & Thompson as Local Counsel for Debtor Effective as of the Petition Date [Doc 18].

3

    k.    Application by Debtor Freedom Industries to Employ MorrisAnderson & Associates Ltd. As Financial Advisor [Doc 19].

    l.    Application by Debtor Freedom Industries, Inc. to Employ Pietragallo Gordon Alfano Bosick & Raspanti, LLP as Special Litigation Counsel for the Debtor Effective as of the Petition Date [Doc 20].

6.    On January 28, 2014, the Court convened a "first-day hearing" and entered orders granting a number of the First Day Motions on an interim basis.  Thereafter, the Court scheduled the First Day Motions to go forward on a final basis at the Final Hearing scheduled for February 11, 2014.

7.    The deadline to object to the Financing Motion [Doc 3] was the same day as the formation of the Committee and the initial organizational meeting of the Committee by teleconference. Other deadlines are only a few days away, including a February 7, 2014, deadline regarding the Applications by Debtor Freedom Industries, Inc. to Employ McGuire Woods LLP as Counsel to the Debtor in Possession [Doc 15], Stephen L. Thompson and Barth & Thompson as Local Counsel for Debtor [Doc 18],  and Pietragallo Gordon Alfano Bosick & Raspanti LLP as Special Litigation Counsel [Doc 19] (the "Objection Deadlines").

## Relief Requested

8.    By this Emergency Motion, the Committee requests that entry of an Order continuing the Final Hearing to February 25, 2014, and extending the Objection Deadlines for the Committee to a date no sooner than February 19, 2014.

## Basis for Relief

9.    Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b) authorizes courts to enlarge the time periods within which certain actions must be taken, and states, in pertinent part, that: "when an act is required or

4

allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order[.]

10.     Since its appointment, the Committee has been working diligently to understand the Debtors' business operations and to review the various pleadings and requests for relief filed in the Debtors' cases. The Committee has begun the process to interview and retain professionals and hopes to do so on an expedited basis.  It is inequitable and unrealistic to require the Committee to both hire counsel and a financial advisor and be "up to speed" in these cases such that it can make a thorough, responsible and appropriate review and analysis of the matters scheduled to go forward at the Final Hearing. Further, much of the Final Relief requested is not routine and potentially highly prejudicial to creditors.

11.     The Committee does not believe that the requested continuance would prejudice the rights of the Debtors or the Lenders (or any creditors) because neither the Debtors nor the Lenders have articulated any meaningful justification for an expedited hearing on any of the Final Relief requested at the Final Hearing.

WHEREFORE, the Committee respectfully requests that the Court grant the Emergency Motion and continue the Final Hearing to February 25, 2014, or as soon thereafter as the Court may hear the matters, and extend the Objection Deadlines for the Committee to no sooner than February 19, 2014.

**STEPHEN SMITH on behalf of the
Official Committee of Unsecured Creditors
By Counsel**

s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P1200
Charleston, WV  25301
Phone:  304-346-2889
Fax:     304-346-2895
amajestro@powellmajestro.com

## CERTIFICATE OF SERVICE

On this the 5th day of February, 2014, I certify that I filed the **EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONTINUE ALL MATTERS SCHEDULED FOR FINAL HEARING ON FEBRUARY 11, 2014** today using the CM/ECF System which will send notification of such filing to all CM/ECF participants including counsel for the Debtor and the U.S. Trustee.

s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P1200
Charleston, WV  25301
Phone:  304-346-2889
Fax:     304-346-2895
amajestro@powellmajestro.com