## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re:<br><br>FREEDOM INDUSTRIES, INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. 2:14-bk-20017 |
| SHAPE SHOP, INC. and THELMA FAYS, LLC, d/b/a THELMA FAYS CAFÉ,<br><br>    Plaintiffs,<br><br>v.<br><br>FREEDOM INDUSTRIES, INC., AMERICAN WATER WORKS SERVICE COMPANY, INC., and WEST VIRGINIA AMERICAN WATER COMPANY,<br><br>    Defendants. | AP No: _____ |

### NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

      PLEASE TAKE NOTICE that Defendant Freedom Industries, Inc. ("Freedom" or "Debtor") hereby removes this action to the United States Bankruptcy Court for the Southern District of West Virginia pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. §§ 157, 1334(b), 1409, and 1452(a). The specific grounds for removal are as follows:

**I.    Background**

      1.    The Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code on January 17, 2014.

2. The Debtor's bankruptcy filing was the result of an incident that occurred on January 9, 2014 involving one of Freedom's storage tanks located at its Charleston facility (the "Incident").[1]

3. In the month of January 2014 alone, approximately 31 lawsuits had been commenced against Freedom and other parties in state and federal courts relating to the Incident. *See* Omnibus Affidavit at ¶ 2 (attached as Exhibit 1).

## II. Removal Of The Civil Action

4. On January 13, 2014, Plaintiffs Shape Shop, Inc. and Thelma Fays, LLC, d/b/a Thelma Fays Cafe (collectively, "Plaintiffs") filed a putative class action complaint against Freedom, Defendant American Water Works Service Company, Inc., and Defendant West Virginia American Water Company in the Circuit Court of Kanawha County, West Virginia, Case No. 14-C-70 (the "Civil Action"). *See generally* Class Action Complaint (attached as Exhibit 2).

5. On January 14, 2014, the above-referenced class action complaint was served on Freedom. *See* West Virginia Secretary of State Proof of Service of Process (attached as Exhibit 3).

6. On January 14, 2014, the above-referenced class action complaint was served on Defendant American Water Works Service Company, Inc. *See* West Virginia Secretary of State Proof of Service of Process (attached as Exhibit 4).

7. On January 14, 2014, the above-referenced class action complaint was served on Defendant West Virginia-American Water Company. *See* West Virginia Secretary of State Proof of Service of Process (attached as Exhibit 5).

---

[1] Facts surrounding the Incident are subject to pending investigations by Freedom and various regulatory and other governmental authorities. The facts and circumstances relating to the Incident as described herein are intended for explanatory purposes only and shall not prejudice the rights, claims or defenses of any party in interest, including, without limitation, the rights of any purported holder of a claim arising from or related to the Incident, and correspondingly, all rights, claims and defenses of the Debtor and other parties in interest are preserved.

8. In the Civil Action, Plaintiffs seek, *inter alia*, declaratory and injunctive relief and monetary damages that Plaintiffs, as restaurant owners and/or operators, incurred as a result of the Incident. *See* Complaint (attached as Exhibit 2), at ¶¶ 1, 4-6, 28.

9. Plaintiffs allege claims against Freedom based on the following theories: (i) intention private nuisance; (ii) unintentional private nuisance; (iii) nuisance per se; (iv) prospective nuisance; (v) negligence; (vi) strict liability; (vii) recklessness or gross negligence; and (viii) tortious interference with business relationship.

10. The Civil Action is a proceeding related to a bankruptcy case initiated by Freedom and styled as *In re: Freedom Industries, Inc.*, Case No. 2:14-bk-20017 that is currently pending in the United States Bankruptcy Court for the Southern District of West Virginia before Judge Ronald G. Pearson (the "Bankruptcy Action").

### III. Notice Of Removal Is Timely

11. The Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code on January 17, 2014.

12. This removal is timely pursuant Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure, in that this Notice has been filed within "the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief."

### IV. This Court Has Jurisdiction Under 28 U.S.C. §§ 1334(b) and 1452(a)

13. "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

14. Section 1334(b) provides, "[N]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts

3

shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11."

15. Pursuant to its Local Rule 83.13, the District Court for the Southern District of West Virginia has referred all such proceedings in this district to the Bankruptcy Court.

16. To determine whether a civil proceeding "relates to" a bankruptcy case, the United States Court of Appeals for the Fourth Circuit has adopted the following test:

> [W]hether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625-26 (4th Cir. 1997) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (citation omitted) (emphasis added).

17. The *possibility* of the alteration of the debtor's rights, liabilities, options, or freedom of action is sufficient to confer jurisdiction. *Id.* at 626 (citations omitted).

18. Moreover, this test does not require certain or likely impact upon the handling and administration of the bankruptcy estate to confer jurisdiction. *Id.*

19. Here, the vast majority of Freedom's unsecured claims remain unliquidated claims pending the outcome of the Civil Action and the plethora of state and federal court actions arising out of the Incident. *See* Omnibus Affidavit at ¶ 3 (attached as Exhibit 1).

20. The Debtor's relatively limited funds will be utilized to defend such actions. *See* Omnibus Affidavit at ¶ 4 (attached as Exhibit 1).

21. Accordingly, the Civil Action and the other pending state and federal court actions have – at a minimum – the possibility of altering the "debtor's . . . liabilities . . . and [may impact] the handling of the administration of the bankruptcy estate."

22. While Freedom reserves the right to assert that the Civil Action is a core proceeding, the Civil Action is at the very least a non-core proceeding over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b) and may be removed to this Court pursuant to 28 U.S.C. § 1452.

23. Freedom does not consent to entry of final orders or judgments by the Bankruptcy Court.

## V.     All Other Procedural Requisites For Removal Are Satisfied

24. Removal to this Court is proper, because the Civil Action was filed in the Circuit Court of Kanawha County, West Virginia, which is located within the jurisdiction of the Southern District of West Virginia.

25. As required by Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, this Notice of Removal is accompanied by a copy of all process and pleadings. *See* West Virginia Secretary of State Proof of Service of Process (attached as Exhibit 3); West Virginia Secretary of State Proof of Service of Process (attached as Exhibit 4); West Virginia Secretary of State Proof of Service of Process (attached as Exhibit 5); Stipulation (attached as Exhibit 6); Verified Statement of Attorney in Support of Application for Pro Hac Vice Admission (attached as Exhibit 7); Freedom's Suggestion of Bankruptcy (attached as Exhibit 8); Returned Summons and Complaint (attached as Exhibit 9). *See generally* Circuit Court Docket Entries (attached as Exhibit 10).

26. In accordance with Federal Rule of Bankruptcy Procedure 9027, upon filing this Notice of Removal, Freedom will furnish written notice thereof to all parties to the Civil Action, and will file and serve a copy of this Notice with the Clerk of the state court. A copy of the Notice of Filing of Notice of Removal, in the form in which it is to be filed and served, is attached hereto as Exhibit 11.

WHEREFORE, Defendant Freedom Industries, Inc. requests that the Civil Action now pending in the Circuit Court of Kanawha County, West Virginia be removed to this United States Bankruptcy Court for the Southern District of West Virginia, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Respectfully submitted,

Dated: February 21, 2014

**BARTH & THOMPSON**

/s/ Mark E. Freedlander
Stephen L. Thompson (WV 3751)
J. Nicholas Barth (WV 255)
Barth & Thompson
P.O. Box 129
Charleston, West Virginia 25321
Telephone: (304) 342-7111
Facsimile: (304) 342-6215

and

**McGUIREWOODS LLP**
Mark E. Freedlander (PA 70593)
Michael J. Roeschenthaler (PA 87647)
Scott E. Schuster (PA 203766)
Jason P. Alter (PA 307596)
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Facsimile: (412) 667-6050

*Counsel for Defendant Freedom Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on this 21st day of February 2014 that a true and correct copy of the foregoing Notice of Removal was sent via United States Mail, postage prepaid to:

Stephen P. Meyer, Esq.
Meyer, Ford, Glasser & Radman, PLLC
120 Capitol Street
P.O. Box 11090
Charleston, WV 25339-1090
*Counsel for Plaintiffs*

A. L. Emch, Esq.
Thomas J. Hurney, Jr., Esq.
Jackson Kelly PLLC
Post Office Box 553
Charleston, West Virginia 25322
*Counsel for West Virginia-American Water Company and
American Water Works Service Company, Inc.*

By:   /s/ Mark E. Freedlander
      *Counsel for Freedom Industries, Inc.*