# Exhibit 9




2014 FEB -4 P

(UTF)

01/24/14

NIXIE    265082052-1N
RETURN TO SENDER
UNABLE TO FORWARD
UNABLE TO FORWARD
RETURN TO SENDER

Kanawha CC
14 C 70



BUSINESS & LICENSING
1510-00

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

FILED

2014 FEB -4 PM 2:41

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0000 1418 43

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Freedom Industries, Inc.
Andrew G. Fusco
# 2
2400 CRANBERRY SQ
MORGANTOWN, WV 26508-9209

**Control Number:** 11650

**Defendant:** Freedom Industries, Inc.
# 2
2400 CRANBERRY SQ
MORGANTOWN, WV 26508-9209 US

**Agent:** Andrew G. Fusco
**County:** Kanawha
**Civil Action:** 14-C-70
**Certified Number:** 92148901125134100000141843
**Service Date:** 1/14/2014

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

FILED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2014 FEB -4 PM 2:41

| | |
|---|---|
| SHAPE SHOP, INC.<br>1801 4th Ave.<br>Patrick Plaza<br>Charleston, WV 25387<br><br>and<br><br>THELMA FAYS, LLC<br>d/b/a THELMA FAYS CAFE<br>1219 Washington St.<br>Charleston WV 25301<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>FREEDOM INDUSTRIES, INC.<br>1015 Barlow Drive<br>Charleston, WV, 25311<br><br>and<br><br>AMERICAN WATER WORKS SERVICE<br>COMPANY, INC.<br>1025 Laurel Oak Road<br>Voorhees, NJ 08043<br><br>WEST VIRGINIA AMERICAN WATER<br>1600 Pennsylvania Ave.<br>Charleston, WV 25302<br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS

TO:　FREEDOM INDUSTRIES, INC.
　　　c/o ANDREW G. FUSCO
　　　2400 Cranberry Square
　　　2nd Floor
　　　Morgantown, WV 26508

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Stephen P. Meyer of Meyer Ford & Glasser & Radman, PLLC, Plaintiffs' attorney, whose address is 120 Capitol Street, Charleston, WV 25301, an Answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 1/13/14

**Cathy S. Gatson, Clerk**

Circuit Clerk By A. Bailey
Deputy Clerk



FILED

2014 JAN 13 PM 1:16

KANAWHA COUNTY / CIRCUIT COURT

### IN THE CIRCUIT COURT OF KANAWHA COUNTY
### WEST VIRGINIA

| | |
|---|---|
| SHAPE SHOP, INC.<br>1801 4th Ave.<br>Patrick Plaza<br>Charleston, WV 25387<br><br>and<br><br>THELMA FAYS, LLC,<br>d/b/a THELMA FAYS CAFE<br>1219 Washington St.<br>Charleston WV 25301<br>                Plaintiffs,<br><br>v.<br><br>FREEDOM INDUSTRIES, INC.<br>1015 Barlow Drive<br>Charleston, WV, 25311<br><br>and<br><br>AMERICAN WATER WORKS SERVICE<br>COMPANY, INC.<br>1025 Laurel Oak Road<br>Voorhees, NJ 08043<br><br>and<br><br>WEST VIRGINIA AMERICAN WATER<br>COMPANY<br>1600 Pennsylvania Ave.<br>Charleston, WV 25302<br><br>                Defendants. | CASE NO: 14-C-70<br><br>JUDGE Bailey<br><br><br><br><br><br>_CLASS ACTION COMPLAINT_<br><br><br>_JURY DEMAND ENDORSED HEREON_ |

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a class action on behalf of the Representative Plaintiffs and other persons adversely affected by the contamination of 4-methylcyclohexane methanol emitted by Freedom Industries, Inc., American Water Works Service Company, Inc. and its subsidiary, West Virginia American Water (collectively, "Defendants"), which has occurred for an extended period of time, and which is and was proximately caused by Defendants' negligence. This class action seeks money damages and injunctive and declaratory relief arising out of Defendants' contamination of Plaintiffs' water supply in Charleston, West Virginia, and surrounding areas with hazardous 4-methylcyclohexane methanol.

2. Jurisdiction and venue are proper in the Circuit Court of Kanawha County pursuant to West Virginia Code §51-2-2.

3. Venue is proper in this Court because the actions that form the basis of this Complaint occurred in the Kanawha County, West Virginia, the Representative Plaintiffs as well as the members of the Putative Class they seek to represent, reside in the Kanawha County, West Virginia, damages to the Putative Class, occurred within the Kanawha County, and a substantial part of the events or omissions giving rise to the claim occurred in Kanawha County, West Virginia.

### PARTIES

4. The two Representative Plaintiffs are restaurant owners and/or operators in Charleston, West Virginia who are customers of Defendant American Water Company and its subsidiary Defendant West Virginia American Water and own and/or operate a restaurant in Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam or Roane counties.

5. Plaintiff Shape Shop, Inc is a West Virginia corporation which owns a restaurant and is doing business as Shape Shop, located at 1801 4th Ave., Patrick Plaza, Charleston, WV in Kanawha County.

6. Thelma Fays, LLC, is a West Virginia corporation which owns a restaurant and is doing business as Thelma Fays Café, located at 1219 Washington St., Charleston, WV in Kanawha County.

7. The Representative Plaintiffs and the members of the Putative Classes are among approximately 300,000 persons who were adversely exposed to 4-methylcyclohexane methanol contamination as a result of the 4-methylcyclohexane methanol contamination.

8. Defendant Freedom Industries, Inc. ("Defendant Freedom") is a corporation organized and existing under the laws of West Virginia, with its principal place of business in Charleston, West Virginia located at 1015 Barlow Drive, Charleston, WV 25311 (the "Facility").

9. Defendant West Virginia American Water Company is a subsidiary of Defendant American Water Works Service Company, Inc. and is organized and existing under the laws of West Virginia, with its principal place of business in Charleston, West Virginia located at 1600 Pennsylvania Ave., Charleston, WV 25302.

10. Defendant American Water Works Service Company, Inc. is a foreign corporation organized and existing under the laws of New Jersey, with its principal place of business at 1025 Laurel Oak Road, Voorhees, NJ 08043.

**RELEVANT FACTUAL ALLEGATIONS**

11. 4-methylcyclohexane methanol ("the Chemical") is a hazardous chemical used in the froth flotation process of coal washing and preparation by Defendant Freedom. Exposure to the Chemical causes several symptoms, including but not limited to, severe burning in the throat, severe eye irritation, uncontrollable vomiting, difficulty breathing, severe skin irritation and skin blistering.

12. On or about January 9, 2014 Defendants, by and through their operation of the Facility, Defendant West Virginia American Water and Defendant American Water's water

3

supply system, a chemical leak was discovered which caused the Chemical to infiltrate the Elk River. The leak occurred near the intake of the Kanawha Valley water treatment plant in Charleston, West Virginia.

13. Prior to January 9, 2014, the West Virginia Department of Environmental Protection discovered the Chemical was leaking from Defendant Freedom's storage tank and had overwhelmed a concrete dike intended to operate as a secondary method of containment around the tank. Investigators determined that the leaking had been occurring for an undetermined amount of time prior to January 9, 2014, causing the Chemical to pollute the Elk River.

14. The Chemical infiltrated the water supply of over 100,000 customers of West Virginia American Water and American Water (collectively, "Defendant American Water"), including residential areas, restaurants, hospitals and other businesses affecting approximately 100,000 homes and businesses, or 250,000 to 300,000 individuals. The Chemical infiltrated over sixty (60) miles of piping maintained by Defendant American Water's water supply system.

15. Following the leak, a state of emergency was declared by Gov. Earl Ray Tomblin and the residents and business owners in Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam and Roane counties were placed under an advisory not to use any water supplied by Defendant American Water and to cease all operations immediately.

16. As a result of the leak, Plaintiffs were instructed not to drink tap water, bathe in tap water, or cook with tap water and to only use such water for flushing toilets and fire emergencies because the Chemical cannot be removed from the water supply.

17. As a result of the leak, the Chemical omitted a pungent licorice-like smell through the area surrounding Elk River.

18. Due to Defendants' negligent pollution of the water supply all restaurants in the aforementioned affected counties are effectively shut down indefinitely because a restaurant cannot open without an abundant supply of clean water.

### DEFENDANTS' OPERATION AND ITS DELETERIOUS EFFECT ON PLAINTIFFS AND THEIR RESTAURANTS

19. Defendant Freedom owns and operates a production facility in Charleston, WV located at 1015 Barlow Drive, Charleston, WV ("the Facility") and "is a full service producer of specialty chemicals for the mining, steel, and cement industries." Defendant purports to be "a leading producer of freeze containing agents, dust control palliatives, flotation reagents, water treatment polymers and other specialty chemicals."[1]

20. Defendant Freedom's warehousing and processing operations at the Facility have resulted and, upon information and belief, continue to result in dangerous levels of the Chemical being released and entering into Plaintiffs' water supply causing the shutdown of Plaintiffs' restaurant business. Plaintiffs seek compensatory damages and punitive damages.

21. Upon information and belief, Defendants were, and has been, aware of the dangerous and ultra-hazardous release of the Chemical and have failed to contain the same. By its acts and/or failure to act, Defendants have allowed the release and/or failure to contain dangerous and ultra-hazardous levels of the Chemical to worsen at the expense of the economic interests of Plaintiffs. Upon information and belief, the release and transfer of the Chemical from the Facility into Plaintiffs' water supply was caused by Defendants' negligent failure to contain the dangerous and ultra-hazardous levels of the Chemical within the confines of the Facility and Defendant American Water's water supply system.

---

[1] See Freedom Industries, Inc., About Us, FREEDOM INDUSTRIES, http://www.freedom-industries.com/about.html (last visited Jan. 10, 2014).

5

22. Upon information and belief, Defendants have knowingly, negligently and/or recklessly caused the Chemical to contaminate the water supply in Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam and Roane counties used by Plaintiffs.

23. Upon information and belief, Defendants have knowingly, negligently and/or recklessly failed to contain dangerous and ultra-hazardous levels of the Chemical and prevent the same from migrating into Plaintiffs' water supply.

24. Upon information and belief, Defendants have knowingly, negligently and/or recklessly failed to warn all persons and property owners within the aforementioned counties at time of the origination of the release and migration of dangerous and ultra-hazardous levels of the Chemical into Plaintiffs' water supply.

25. Defendants, as the owner, operator and possessor of the Facility and the water supply system, failed to protect others outside the Facility, i.e., the Plaintiffs, from the harms described herein that have been caused by certain conditions existing upon the Facility and Defendant American Water's water supply system.

26. The levels of the Chemical that have invaded Plaintiffs' water supply pose both a private and public health hazard.

### CLASS ACTION ALLEGATIONS

27. Pursuant to Fed. R. Civ. P. 23, the Representative Plaintiffs bring this action on behalf of themselves and all other members the Class defined as follows:

> (a) All individuals or legal entities who own and/or operate a restaurant within Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam and Roane counties who are customers supplied with water from American Water Works.

28. All Plaintiffs named herein, and as will be identified via amendment, are and/or have been, at all relevant times, individuals or legal entities who own and/or operate a restaurant

in Boone, Cabell, Clay, Jackson, Kanawha, Lincoln, Logan, Putnam and Roane counties, and whose water supply was exposed to dangerous and ultra-hazardous levels of the Chemical as a result of Defendants' negligent failure to contain the dangerous and ultra-hazardous levels of the Chemical from leaving the Facility and Defendant American Water's water supply system and migrating into Plaintiffs' water supply.

29. Plaintiffs in this Complaint are individuals or legal entities who are existing customers of Defendant American Water and own and/or operate restaurants in the aforementioned counties placed under a state of emergency who allege damages arising out of the Facility's contamination from the escape of the Chemical from the Facility.

30. This action satisfies the numerosity, commonality, typicality, and adequacy requirements for class certification set forth in Rule 23 of the Federal Rules of Civil Procedure.

31. The Putative Class is so numerous that the individual joinder of all potential members is impracticable. While the exact number and identification of the Putative Class members are unknown to Representative Plaintiffs at this time and can only be ascertained through appropriate discovery and notice, Representative Plaintiffs are informed and believe that the Putative Class includes at least 1,000 individuals and legal entities.

32. Common questions of fact and law exist as to all members of the Putative Class and predominate over any questions affecting only individual Class Members. The common legal and factual questions do not vary in form from Class Member to Class Member and may be determined without reference to individual circumstances of any Class Member, including, but are not limited to, the following:

    (a)    Whether Defendants were negligent;

    (b)    Whether Defendants created a nuisance;

(c) Whether Defendants engaged in abnormally dangerous activity, rendering it strictly liable for any resulting damages;

(d) Whether Defendants' actions and/or inactions caused a substantially increased risk of adverse health effects due long-term exposure to 4-methylcyclohexane methanol emitted from its Facility;

(e) Whether Plaintiffs were injured by Defendants' conduct; and

(f) Whether Defendants acted in conscious disregard for the rights and safety of other persons causing substantial harm, rendering it liable for punitive or exemplary damages.

33. The above common questions predominate over any questions affecting individual members of the Putative Class.

34. The Representative Plaintiffs' claims are typical of the claims of the other members of the Putative Class. The Representative Plaintiffs, like all other Putative Class members own and/or operate restaurants within the Putative Class area and were adversely affected by the incident outlined herein. Their claims arise from the same event or course of conduct giving rise to the claims of all members of the Putative Class.

35. The Representative Plaintiffs will fairly and adequately protect the interest of the Putative Class. The Representative Plaintiffs' interests are not antagonistic, but rather are identical to the interests of all members of the Putative Class. The Representative Plaintiffs' counsel have broad experience in handling litigation of this type and are fully qualified to prosecute the claims of the Class. The Representative Plaintiffs' counsel are competent and experienced in personal injury, environmental, and property damage litigation, as well as litigation related to the loss of use of property.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Adjudication of the Class members' claims would otherwise require hundreds of individual suits with concomitant duplications of costs, attorney fees, and

8

demand upon court resources. If individual Class Members were required to pursue their claims through separate, individual suits, the potential for recovery would be outweighed by the high cost of investigation, discovery, and expert testimony on sophisticated scientific and technical issues relating to the liability of Defendants and appropriate relief.

## COUNT I

### Intentional Private Nuisance

37. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein.

38. At all times relevant to this action, Defendants had a duty to operate its business without violating the Plaintiffs' property rights. Defendants breached this duty.

39. Defendants' reckless, wanton, and intentional acts and omissions substantially and unreasonably interfere with and prevent the Plaintiffs' use and enjoyment of their water supply and restaurants; such acts and omissions disturb the Plaintiffs free use of the water supply and render ordinary use and physical occupation impossible, unsafe and uncomfortable.

40. As the direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered pecuniary loss for which they are entitled to recover. Those injuries include, but are not limited to, the lost revenues and profits that would have otherwise been recovered by Plaintiffs' restaurant.

## COUNT II

### Unintentional Private Nuisance

41. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein.

42. The operations of the Defendants on the Plaintiffs' property have been and are reasonably expected to continue to be conducted negligently and/or recklessly, without due

9

regard for the Plaintiffs and their property rights. Defendants have materially and substantially reduced the reasonable enjoyment each Plaintiff has in their water supply and restaurants, and has proximately caused each of the Plaintiffs to suffer damages for which they are entitled to recover.

43. As the direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered pecuniary loss and emotional harm for which they are entitled to recover. Those injuries include, but are not limited to, the lost revenues and profits that would have otherwise been recovered by Plaintiffs' restaurant.

## COUNT III

### Nuisance Per Se

44. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein.

45. The operation of a production facility for the production of specialty chemicals for the mining, steel, and cement industries is essentially and inherently dangerous, and the Defendants' acts and omissions expose the Plaintiffs and their restaurants to the Chemical. The substantial and unreasonable interferences constitute a nuisance and a nuisance per se which has caused the shutdown of Plaintiffs' restaurant and a loss of revenues and profits that would otherwise have been earned.

## COUNT IV

### Prospective Nuisance

46. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein.

47. The actions of Defendants set forth above are reasonably certain to continue to create a nuisance and to continue to cause all of the harms alleged herein and will cause a prospective nuisance.

48. Defendants are obliged under the law of prospective nuisance to halt all injurious practices and to correct all past acts that will continue to cause harm to the Plaintiffs.

49. The Plaintiffs are entitled to an injunction (1) requiring Defendants to completely remove the Chemical and dispose of it safely and lawfully, and (2) barring Defendants' injurious practices in the future. The Plaintiffs are also entitled to compensatory and punitive damages.

## COUNT V

### Negligence

50. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein:

51. Defendants owe a duty of reasonable care, in producing and storing the Chemical and supplying water to the Plaintiffs, to refrain from acts or omissions that cause injury to restaurant owners and private land owners, including the Plaintiffs. Defendants owe the Plaintiffs a duty to conduct its operations, including waste disposal, in a reasonably safe and prudent manner.

52. Defendants owe a duty of care to the Plaintiffs to protect them from foreseeable harm from their activities. It is reasonably foreseeable that Defendants' negligently designed and/or negligently executed operation of the Facility would injure the Plaintiffs through diminution of their business revenue, imposition of unwarranted environmental dangers, water contamination, and outright violation of their property rights.

53. Defendants breached their duties to the Plaintiffs by failing to maintain the Chemical and promptly warn the Plaintiffs' of the leak and infiltration of the water supply.

11

54. Defendant further breached their duties to the Plaintiffs by failing to have and/or maintain detection systems and knew or should have known of the danger of failing to maintain the same.

55. Defendants have negligently manufactured and stored the Chemical and has negligently and proximately caused physical invasions and intrusions into the Plaintiffs' water supply.

56. Such acts and omissions have directly and proximately caused injury to the Plaintiffs, and will continue to cause injury to the Plaintiffs. Those injuries include, but are not limited to, the lost revenues and profits that would have otherwise been recovered by Plaintiffs' restaurant. The Plaintiffs are therefore entitled to recover compensatory and punitive damages.

## COUNT VI

### Strict Liability

57. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein.

58. Defendants' handling and disposal of the Chemical waste is an abnormally dangerous activity. As such, Defendants is strictly liable for the damages caused by its production and storage of the Chemical and its infiltration into the Elk River and into Plaintiffs' water supply.

59. The Defendants' acts and omissions in the course of its abnormally dangerous activities have directly and proximately caused injury to the Plaintiffs. Those injuries include, but are not limited to, the lost revenues and profits that would have otherwise been recovered by Plaintiffs' restaurant. Therefore, Plaintiffs are entitled to recover through compensatory and punitive damages.

## Count VII

### Recklessness or Gross Negligence

60. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein.

61. Defendants intentionally disregarded and continue to disregard the substantial and unjustifiable risk that the Chemical and other abandoned and uncontained materials will cause harm to the Plaintiffs.

62. The Defendants owe a duty of reasonable care to the Plaintiffs. The Defendants foresaw and continue to foresee that its activities would breach that duty and cause harm to the Plaintiffs.

63. As a direct and proximate result of the Defendants' recklessness or gross negligence, Plaintiffs suffered the loss of revenues and profits including, but are not limited to, the lost revenues and profits that would have otherwise been recovered by Plaintiffs' restaurant.

### COUNT VII

### Tortious Interference With Business Relationship

64. Plaintiffs adopt and incorporate by reference the allegations of each of the preceding paragraphs as if set forth fully herein.

65. At all times relevant to this Complaint, Plaintiffs and customers of their restaurants had existing business relationships that Plaintiffs previously developed and continued during all time periods relevant to this Complaint. Defendants had knowledge of these business relationships.

66. Defendants intentionally and/or recklessly and improperly, interfered, and continue to interfere, with Plaintiffs' business relationships by operating the Facility and by contaminating Plaintiffs' water supply with the Chemical.

67. Defendants are without privilege to so interfere and lacked justification for interfering with Plaintiffs' business relationships.

68. Defendants acted with malice, and with wanton and willful disregard of Plaintiffs' rights.

69. As a direct and proximate result of the actions of Defendants, Plaintiffs have and will sustain monetary damages caused by the loss of the benefit of the business relationships in an amount to be determined at trial

## JURY TRIAL DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter an Order or Judgment against Defendants as follows:

A. awarding each Plaintiff compensatory damages in excess of $25,000.00, as established by proof at trial;

B. certifying this action and/or common issues raised herein as a Class Action under the appropriate provisions of Fed. R. Civ. P. 23(a), 23(b), and 23(c), designating Class Representatives; and appointing the undersigned to serve as Class counsel;

C. for notice of class certification and of any relief to be disseminated to all Class Members and for such other further notices as this Court deems appropriate under Fed. R. Civ. P. 23(d)(2);

D. barring Defendants from attempting, on its own or through its agents, to induce any Putative Class Member to sign any document which in any way releases any of the claims of any Putative Class Member;

E. directing Defendants to abate the nuisance and the risks from the release of 4-methylcyclohexane methanol, and such orders as may be necessary or appropriate directing

14

Defendants to take all reasonable and sufficient steps to correct the potentially hazardous conditions now existing;

    F.    awarding prejudgment and post-judgment interest as provided by law;

    G.    awarding reasonable attorney fees;

    H.    awarding punitive and exemplary damages;

    I.    an Order by this Court declaring Defendants' operations to be in violation of West Virginia common law and, therefore, be declared a public and private nuisance;

    J.    an Order by this Court retaining jurisdiction of the suit for the purpose of making an Order or decree which it may deem necessary at any time to carry out its judgment; and

    K.    and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable in this action.

    Respectfully submitted,

    Stephen P. Meyer, Esq. (Bar # 2541)
    Meyer, Ford, Glasser & Radman, PLLC
    120 Capitol Street
    P. O. Box 11090
    Charleston, WV 25339-1090
    *Attorney for Plaintiffs*