UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| FREEDOM INDUSTRIES, INC. | ) | Case No. 2:14-bk-20017 |
| | ) | |
| Debtor. | ) | Related to Docket No. 304 |
| | ) | |

### ORDER FINDING NO UPSET BIDS SUBMITTED AND APPROVING SALE OF THE ASSETS OF THE POCA BLENDING BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS ON FINDINGS THAT SUCH SALE IS IN THE BEST INERESTS OF EMPLOYEES AND CREDITORS OF THE ESTATE

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order ("Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the sale of the Purchased Assets (the "Sale") to Lexycon, LLC (the "Buyer") free and clear of all liens, claims, encumbrances ("Encumbrances") and interests more fully described in that certain Asset Purchase Agreement dated May 5, 2014 by and between the Debtor and the Buyer (the "Agreement"); and the Court having conducted a hearing on the Motion on May 13, 2014 (the "Sale Hearing"), and following the hearing the Court entered an Order on May 13, 2014, providing that the Court will take into consideration higher and better offers received by the Court no later than noon (12:00 p.m.) on May 16, 2014, and that such Order was properly docketed and served upon those receiving electronic Notice; and the Court having reviewed and considered (i) the Motion, (ii) the fact that

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

there were no objections thereto and (iii) the arguments of counsel made, and the evidence proffered or adduced at the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors and other parties in interest; and upon the record of the Sale Hearing and this chapter 11 bankruptcy case; and after due deliberation thereon; and good cause appearing therefore, it is hereby:

**FOUND AND DETERMINED THAT:**

A.    <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(a). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    <u>Statutory Predicates</u>. The statutory predicates for the relief sought in the Motion are sections 105(a) and 363 of the Bankruptcy Code, and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

C.    <u>Notice</u>. As evidenced by the affidavit of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the Sale and of the provision for the consideration of higher and better offers received by the Court no later than noon (12;00 p.m.) on May 16, 2014 has been provided in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, (ii) such notice was good and sufficient, and appropriate under the particular circumstances and (iii) no other or further notice of the Motion, the Sale Hearing or the Sale is or shall be required.

D. <u>Corporate Authority</u>. The CRO (i) has full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and the Sale has been duly and validly authorized by all necessary corporate action of the Debtor, (ii) has all of the corporate power and authority necessary to consummate the transaction contemplated by the Agreement, (iii) has taken all corporate action necessary to authorize and approve the Agreement and the consummation by the Debtor of the transaction contemplated thereby and (iv) no consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtor to consummate such transaction.

E. <u>Opportunity to Object</u>. A fair and reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee, (ii) counsel for the Buyer, (iii) counsel for the Official Committee of Unsecured Creditors; (iv) all entities known to have asserted any encumbrances in or upon the Purchased Assets; (v) all federal, state and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; and (vi) all other creditors of the Debtor.

F. <u>Sale in Best Interest</u>. Consummation of the Sale at this time is in the best interests of the Debtor, its creditors, its estate and other parties in interest, and it appears that the Buyer, Lexycon, has the benefit of persons with considerable experience and expertise in the chemical trading and blending business, has conducted appropriate due diligence, has employed five to six former employees of the Debtor, and will likely employ a total of approximately twenty former employees of the Debtor, and therefore, approval of the proposed sale to Lexycon appears to be in the public interest and appropriate to carry out the provisions of the Bankruptcy Code.

G.     <u>Business Justification</u>. Sound business reasons exist for the Sale. Entry into the Agreement constitutes exercise of the Debtor's sound business judgment and such act is in the best interests of the Debtor, its creditors, its estate and all parties in interest. The Court finds that the Debtor has articulated good and sufficient business reasons justifying the Sale. Such business reasons include, but are not limited to, the following: (i) the Agreement constitutes the highest and/or best offer for the Purchased Assets; and (ii) the Agreement and the closing thereon will present the best opportunity to realize value for the Purchased Assets and avoid substantial expenses and risks associated with the liquidation and decommissioning of the Purchased Assets.

H.     <u>Arm's-Length Sale</u>. The Agreement was negotiated, proposed and entered into by the Debtor and the Buyer in good faith and from arm's-length bargaining positions.

I.     <u>Good Faith Buyer</u>. The Buyer is a good faith buyer for value and, as such, is entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code and any other applicable or similar bankruptcy and non-bankruptcy law. The Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Agreement.

J.     <u>Consideration</u>. Given the difficult circumstances which include the difficulty in obtaining insurance coverage, the continuing lack of public confidence if the Debtor were to continue operations, and the clean-up responsibilities if the Purchased Assets are not sold, the consideration provided by the Buyer for the Purchased Assets pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest and/or best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical or feasible available alternative and (iv) constitutes reasonably equivalent value and fair

consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

K.    Free and Clear. The Debtor may sell the Purchased Assets free and clear of all Encumbrances because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Encumbrances who did not object or withdrew objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances who did object fall within one or more of the other subsections of section 363(f) Bankruptcy Code.

L.    Prompt Consummation. The Sale of the Purchased Assets must be approved and consummated promptly in order to preserve the value of the Purchased Assets. Therefore, time is of the essence in consummating the Sale, and the Debtor and the Buyer intend to close the Sale as soon as possible within the terms of the Agreement.

M.    No Intentional Fraudulent Transfer. The Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

N.    Buyer Not an Insider. Immediately prior to the Closing Date, Buyer was not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors or officers existed between the Buyer and the Debtor. No owner or executive of Buyer is or was an owner or executive of the Debtor nor the predecessor in interest to the Debtor.

O.    Legal, Valid Transfer. The transfer of the Purchased Assets to Buyer will be a legal, valid and effective transfer of the Purchased Assets, and will vest Buyer with all right, title and interest of the Debtor to the Purchased Assets free and clear of all Encumbrances.

It is therefore **ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED and APPROVED in all respects.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled are overruled on the merits and denied with prejudice.

3. The Agreement, including any amendments, supplements and modifications thereto, and all of the terms and conditions therein, is hereby approved.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Sale of the Purchased Assets to the Buyer free and clear of all Encumbrances and the transactions contemplated thereby are approved in all respects.

5. Except as otherwise specifically provided in the Agreement, Buyer shall not be liable for any claims against the Debtor of any kind or character whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the Purchased Assets prior to the Closing Date. Notwithstanding this paragraph, nothing contained herein shall release Buyer from its obligations pursuant to the Agreement.

6. The transaction contemplated by the Agreement is undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein by this Order to consummate the Sale shall not affect the validity of the Sale to the Buyer. The Buyer is a buyer in good faith of the Purchased Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

7.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized and directed to sell the Purchased Assets to Buyer and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement, and to transfer and assign all right, title and interest (including common law rights) to all assets, properties and rights to be conveyed in accordance with and subject to the terms and conditions of the Agreement, and are further authorized and directed to execute and deliver, and are empowered to perform under, consummate and implement, the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, including, without limitation, the related documents, exhibits and schedules, and to take all further actions as may be reasonably requested by Buyer for the purposes of assigning, transferring, granting, conveying and conferring to Buyer or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Agreement.

8.     Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to the Buyer upon consummation of the Agreement free and clear of all Encumbrances of any kind or nature whatsoever.  All such Encumbrances shall attach (effective upon the transfer of the Purchased Assets to the Buyer) to the proceeds of the Sale with the same force, validity, priority and effect, if any, as such Encumbrances formerly had against the Purchased Assets, and subject to the Debtor's ability to challenge the extent, validity, priority and effect of the Encumbrances, and subject to and as otherwise provided in any other order of this Court in this Bankruptcy Case.

9.     On the Closing Date, this Order will be construed and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased

Assets or a bill of sale transferring good and marketable title in such Purchased Assets to the Buyer.

10. Except as expressly permitted by the Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding Encumbrances of any kind or nature whatsoever, against the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent), arising under or out of, in connection with, or in any way relating to, the Debtor, the Purchased Assets or the transfer of the Purchased Assets to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer, its successor or assign, its property, or the Purchased Assets, such persons' or entities' interest; *provided that*, for the avoidance of doubt, nothing herein shall alter the Buyer's obligations to pay the Purchase Price or its other obligations under the Agreement, or in any way limit the Debtor's rights under the Agreement.

11. Subject to the terms and conditions of this Order, the transfer of the Purchased Assets to the Buyer pursuant to the Agreement constitutes a legal, valid and effective transfer of the Purchased Assets, and shall vest the Buyer with all right, title and interest of the Debtor in and to the Purchased Assets, free and clear of all Encumbrances of any kind or nature whatsoever. For purposes of clarity, Purchased Assets include only those assets in which the bankruptcy estate of the Debtor has an ownership interest and right under applicable non-bankruptcy law to sell, transfer and convey.

12. The consideration provided by the Buyer for the Purchased Assets under the Agreement shall be deemed to constitute reasonably equivalent value and fair consideration

under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

13. This Order (a) shall be effective as a determination that, on the Closing Date, all Encumbrances of any kind or nature whatsoever existing as to the Debtor or the Purchased Assets prior to the Closing Date shall have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement. The Buyer and the Debtor shall take such further steps and execute such further documents, assignments, instruments and papers as shall be reasonably requested by the other to implement and effectuate the transactions contemplated in this paragraph. All Encumbrances of record as of the date of this Order shall be forthwith removed and stricken as against the Purchased Assets. All entities described in this paragraph are authorized and specifically directed to strike all such Encumbrances against the Purchased Assets from their records, official and otherwise.

14. The Debtor will cooperate with the Buyer and the Buyer will cooperate with the Debtor, in each case to ensure that the transaction contemplated in the Agreement is consummated as provided in the Agreement, and the Debtor will make such modifications or supplements to any bill of sale or other document executed in connection with the closing to facilitate such consummation as contemplated by the Agreement.

15. The Buyer shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Purchased Assets other than those provided for in the Agreement. Without limiting the generality of the foregoing, and except as otherwise specifically provided in the Agreement, the Buyer shall not be liable for any claims against the Debtor of any kind or character, whether known or unknown, as of the Closing Date, now existing or hereinafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor, arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, or in connection with, or in any way relating to the operation of the business, prior to the Closing Date.

16. The sale, transfer, assignment and delivery of the Purchased Assets shall not be subject to Encumbrances, and Encumbrances of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Debtor. All persons holding Encumbrances against or in the Debtor or the Purchased Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Encumbrances of any kind or nature whatsoever against the Buyer, its officers, directors, shareholders, agents and professionals, its property, its successors and assigns, or the Purchased Assets with respect to any Encumbrance of any kind or nature whatsoever such person or entity had, has or may have against or in the Debtor, its estate, officers, directors,

shareholders, agents or the Purchased Assets. Following the Closing Date, no holder of an Encumbrance in the Debtor shall interfere with the Buyer's title to, or use and enjoyment of, the Purchased Assets based on or related to such interest, or any actions that the Debtor may take in its Bankruptcy Case.

17. This Court shall retain jurisdiction to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connections therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer free and clear of Encumbrances or compel the performance of other obligations owed by the Debtor, (b) compel delivery of the Purchase Price or performance of other obligations owed by the Buyer to the Debtor, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, and (d) interpret, implement and enforce the provisions of this Order.

18. The terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor and its respective affiliates, successors and assigns, its estate and its creditors, the Buyer and its respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting Encumbrances, in the Purchased Assets to be sold to the Buyer pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

19. The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

20. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

21. Nothing contained in any order entered in the Bankruptcy Case subsequent to entry of this Order shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

22. This Order shall be effective and enforceable immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply.

23. This Order and the terms and provisions of the Agreement shall remain in full force and effect upon the dismissal of this Bankruptcy Case or the conversion of this chapter 11 Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code.

24. The provisions of this Order are non-severable and mutually dependent.

25. The Sale shall not be subject to any "bulk sales" or similar laws that may be applicable to the transaction contemplated by the Agreement to the extent permitted by law.

26. The Debtor and each other person having duties or responsibilities under the Agreement or this Order, and their respective agents, representatives and attorneys, are authorized and empowered to carry out all of the provisions of the Agreement, to issue, execute, deliver, file and record, as appropriate, the Agreement, and any related agreements, and to take any action contemplated by the Agreement or this Order, and to issue, execute, deliver, file and record, as appropriate, such other contracts, instruments, releases, deeds, bills of sale,

assignments or other agreements, and to perform such other acts as are consistent with, and necessary or appropriate to, implement, effectuate and consummate the Agreement and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, this Court. Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by applicable business corporation, trust and other laws of applicable governmental units with respect to the implementation and consummation of the Agreement and this Order and the transactions contemplated thereby and hereby.

27. Nothing in this Order or the Agreement releases, nullifies, precludes, or enjoins the enforcement of any obligation, regulatory action, or other enforcement action by any governmental unit, including specifically the State of West Virginia Department of Environmental Protection or any division thereof, under any police or regulatory law, rule, regulation, permit, license, notice of violation, or order, including specifically any applicable laws regulating or relating to water or the environment and the notices of violation DEP issued to the Debtor on or about January 13, 2014, to which the Debtor was, or the Buyer, after the date of entry of this Order, is or would be, subject to as the owner, lessee, controller, or operator of the assets, properties and rights associated with the Debtor's Nitro Facility (a/k/a Poca Blending) and the Poca Blending business (whether or not such obligation, regulatory action, or enforcement action is based in whole or in part on events, conditions, acts, or omissions prior to the date of entry of this Order). Nothing in this Order or the Asset Purchase Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under any environmental law to

adjudicate any obligation, regulatory action, or enforcement action referred to in the first sentence hereof or to any defense asserted under this Order.

28. Proceeds of the transaction contemplated by the Agreement shall be held by the Chief Restructuring Officer of the Debtor in a separately segregated account and not disbursed pending further order of this Court or a court of competent jurisdiction over this matter.

29. To the extent that any provision of this Order conflicts with the Agreement, this Order shall control.

Dated: 5/16, 2014

HONORABLE RONALD G. PEARSON
UNITED STATES BANKRUPTCY JUDGE