**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| **FREEDOM INDUSTRIES, INC.** | ) | |
| | ) | Case No. 14-20017-RGP |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

## STIPULATED ORDER RELATING TO PAYMENT OF PROFESSIONAL FEES AND REIMBURSEMENT OF EXPENSES TO PROFESSIONALS

Whereas, Freedom Industries, Inc. ("Freedom" or the "Debtor") filed for chapter 11 bankruptcy protection (the "Case") on January 17, 2014 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of West Virginia (the "Bankruptcy Court");

Whereas, in order to address the numerous complicated matters faced by Freedom arising from or relating to the spill incident that occurred at Freedom's Etowah River Terminal facility on January 7, 2014, Freedom sought Bankruptcy Court approval to retain and was authorized to retain several different professionals as follows:

(a) McGuireWoods LLP ("MW") by orders at Docket Nos. 54 and 122;
(b) Barth & Thompson ("B&T") by orders at Docket Nos. 53 and 122;
(c) Babst, Calland, Clements & Zomnir, P.C. ("Babst") by order at Docket No. 195;
(d) Pietragallo Gordon Alfano Bostick & Raspanti, LLP ("Pietragallo") by order at Docket No. 194;
(e) Civil & Environmental Consultants, Inc. ("CEC") at Docket No. 230; and
(f) ARCADIS US, Inc. ("ARCADIS") by order at Docket No. 454

Whereas, on February 5, 2014, the Office of the United States Trustee (the "UST") formed an Official Committee of Unsecured Creditors (the "Committee") the Committee selected Frost Brown Todd, LLC ("FBT") as counsel which was authorized in accordance with an order of the Bankruptcy Court dated March 4, 2014 [Docket No. 193];

Whereas, in an effort to more efficiently manage the environmental remediation and bankruptcy process, the Debtor proposed the appointment of a Chief Restructuring Officer, and by order dated March 18, 2014 [Docket No. 228], Mark Welch of the firm of Morris Anderson ("MA"), which was initially the Debtor's financial advisor, was appointed as the Debtor's Chief Restructuring Officer (the "CRO", and collectively with MA, FBT, MW, B&T, Babst, Pietragallo, and CEC, the "Professionals");

WHEREAS, the Debtor, with consent of the Committee, filed a Motion Pursuant To 11 U.S.C. §§ 105(a) and 331, Bankruptcy Rule 2016 And Local Rule 2016-1 for an Order

Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals which was authorized by the Bankruptcy Court in modified form pursuant to that certain order dated March 21, 2014 (the "Interim Fee Process Order");

Whereas, in furtherance of the Interim Fee Process Order and subject to several subsequent orders entered by the Bankruptcy Court (collectively, the "Interim Fee Orders"), the Bankruptcy Court previously approved and the Debtor has in fact paid a portion of fees and expenses incurred by Professionals;

Whereas, the Interim Fee Orders likewise disallowed certain fees of particular Professionals and/or expenses and in other instances required certain Professionals to refile interim fee applications;

Whereas, the CRO has maintained a detailed schedule (the "Professional Fee Schedule") of all fees and expenses of Professionals incurred, allowed, disallowed and paid through June 30, 2015, which Professional Fee Schedule is attached hereto and incorporated herein by reference as Exhibit A;

Whereas, the Debtor, through the CRO, has negotiated a consensual plan of liquidation with a substantial number of constituencies in the Case, and which is reflected in that certain First Modified Amended Plan of Liquidation dated July 26, 2015 (the "Plan") and accompanying First Modified Amended Disclosure Statement dated July 26, 2015 (the "Disclosure Statement");

Whereas, a hearing (the "Disclosure Statement Hearing") on the adequacy of the Disclosure Statement was conducted by the Bankruptcy Court on July 28, 2015;

Whereas, during the Disclosure Statement Hearing, the Bankruptcy Court requested further modification to the Plan and Disclosure Statement in order to address concerns raised of record by the Bankruptcy Court, and the Bankruptcy Court also indicated a desire for the Debtor to develop a streamlined process for the payment of fees and expenses of Professionals on the Effective Date of the Plan and thereafter (to the extent that future recoveries contemplated by the Plan occur;

Whereas, the Debtor prepared and filed of record with the Bankruptcy Court on August 7, 2015 a Second Modified Amended Plan of Liquidation (the "Updated Plan"), an accompanying Second Modified Amended Disclosure Statement (the "Updated Disclosure Statement") [Docket No. 865], a revised summary of the Updated Plan [Docket No. 866], and a ballot for voting on the updated Plan [Docket No. 869];

Whereas, the Updated Plan contemplates the same treatment of Professionals as set forth in the Plan but additionally contemplated that a revised process for approval and payment of fees and expenses of Professionals may be approved by the Bankruptcy Court;

Whereas, the CRO has circulated the Professional Fee Schedule to all Professionals and the UST, and all Professionals and the UST agree with the historical information contained in the Professional Fee Schedule;

Whereas, through the Professional Fee Schedule, the CRO also proposed an approach to the allowance and payment of a portion of unpaid fees and expenses of Professionals on the "Effective Date" (as the term is defined in the Updated Plan) of the Updated Plan, and all Professionals and the UST agree with and consent to this approach;

Whereas, the concept of the CRO relating to the allowance and payment of unpaid fees and expenses of Professionals is that the partial payment of fees and expenses to Professionals on the Effective Date of the Updated Plan is to assure that all Professionals will receive an equal proportional share of fees and expenses (i.e., approximately 67%) incurred and not disallowed from the Petition Date through June 30, 2015, after taking into account payment of fees and expenses of Professionals previously made by the CRO on behalf of the Debtor, retainers held or applied by Professionals, and amounts disallowed pursuant to prior orders of the Bankruptcy Court;

Whereas, the CRO, all Professionals and the UST have also agreed that with respect to fees and expenses of Professionals incurred from July 1, 2015 through the Effective Date (the "Additional Period"), monthly interim applications will be filed by all Professionals that continue to incur fees and expenses;

Whereas, this Stipulated Order is intended to allow fees and expense not previously approved or disallowed by the Bankruptcy Court for the period from Petition Date through June 30, 2015, and establish (i) an initial payment schedule on the Effective Date for partial payment of unpaid fees and expenses of Professionals incurred through June 30, 2015,(ii) an approach for the future payment, in the event that funds become available in accordance with the Updated Plan, relating to payment of fees and expenses of Professionals for the period through the end of June 2015 which amounts will not be paid on the Effective Date due to a lack of funds to pay such amounts in full on the Effective Date, and (iii) an approach for allowable and future payment, in the event that funds become available in accordance with the Updated Plan, relating to payment of fees and expenses for the Additional Period;

Whereas, on August 10, 2015, the Bankruptcy Court entered an order [Docket No. 871] (the "ARCADIS Order") relating to the Disclosure Statement Hearing and required in pertinent part, that "…ARCADIS' claim should be paid to the full extent as may be allowed by this Court and that the claim should be paid from the ERT Remediation Fund (defined in the Amended Plan and Disclosure Statement) as an environmental expense rather than grouped with other administrative claim creditors in the plan of liquidation.";

Whereas, the Updated Plan and Updated Disclosure Statement are being further modified as of the same date that this Stipulate Order is filed of record with the Bankruptcy Court to provide for treatment of ARCADIS consistent with the ARCADIS Order or , if applicable, such other or further order of the Bankruptcy Court or other court of competent jurisdiction;

NOW, THEREFORE, it is Stipulated among the parties executing this Stipulated Order and ORDERED AND DECREED by the Bankruptcy Court as follows:

1. All fees and expenses of Professionals incurred for the period of the Petition Date through June 30, 2015 not previously disallowed by order of the Bankruptcy Court nor approved by the Bankruptcy Court shall be deemed allowed.

2. ARCADIS shall be paid in a manner consistent with the ARCADIS Order or, if applicable, such other or further order of the Bankruptcy Court or other court of competent jurisdiction.

3. For fees and expenses of Professionals during the Additional Period, each applicable Professional shall file with the Bankruptcy Court monthly fee applications consistent with the Interim Fee Procedures Order, and the CRO, UST and Committee shall comment on or file certificates of no objection relating to the same consistent with the Interim Fee Procedures Order.

4. In the absence of timely objection by the CRO, UST and/or Committee with respect to interim monthly applications of Professionals during the Additional Period, fees and expenses of such applicable Professional for each respective monthly period shall be deemed allowed without further order of the Bankruptcy Court. This process shall be in lieu of the filing of final fee applications by Professionals.

5. The Bankruptcy Court retains jurisdiction over any fee or expense disputes arising from the process set forth in paragraph 3 herein.

6. In the event that the Professional Fee Escrow Account (as defined in the Updated Plan) receives funds in accordance with the updated Plan after the Effective Date, Professionals shall be paid from the Professional Fee Escrow Account pro rata for all unpaid fees and expenses, first for the period through June 30, 2015, and then for the Additional Period.

CONSENTED AND AGREED:

/s/ Mark Welch
Mark Welch, Chief Restructuring Officer
Freedom Industries, Inc.

/s/ David L. Bissett
Office of the U.S. Trustee

/s/ Mark E. Freedlander
McGuireWoods LLP

/s/ Stephen L. Thompson
Barth & Thompson

/s/ Norman E. Gilkey
Babst, Calland, Clements & Zomnir, P.C.

/s/ Paul Vey
Pietragallo Gordon Alfano Bostick & Raspanti LLP

/s/ Douglas L. Lutz
Frost Brown Todd, LLC

/s/ Chris R. Arthur
Civil & Environmental Consultants, Inc.

/s/ Mark Welch
MorrisAnderson

ORDERED & DECREED

_____
Ronald G. Pearson
United States Bankruptcy Judge

Dated: August __, 2015

**EXHIBIT "A" TO
STIPULATED ORDER RELATING TO PAYMENT OF
PROFESSIONAL FEES AND REIMBURSEMENT OF
EXPENSES TO PROFESSIONALS**

FREEDOM INDUSTRIES
PAYMENTS AND ACCRUALS
Through June 30, 2015

| | A<br>Total Invoices | B<br>Ordered To Be Paid Plus Retainer Allowed | C<br>Not To Be Paid Disallowed | D<br>Reserve More Documentation Needed | Pct Paid | G<br>At 100% Unpaid Expenses | E<br>Total Fees Allowed (A-C) | F<br>Allowed at 67.8% (E*F) | H<br>Payment at 67.8% Proposed (F-B) | Fees PCT | Total Estimate Payment (G+H) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Babst Calland** | | | | | | | | | | | |
| Fees | 546,862.50 | 369,969.50 | - | 176,893.00 | 67.7% | | 546,862.50 | 370,608.72 | | 68% | |
| Expenses | 14,170.46 | 8,714.01 | - | 5,456.45 | 61.5% | 5,456.45 | | | 639.22 | | 6,095.67 |
| | 561,032.96 | 378,683.51 | | 182,349.45 | 67.5% | | | | | | |
| **Barth & Thompson** | | | | | | | | | | | |
| Fees | 91,192.00 | 57,700.00 | - | 33,492.00 | 63.3% | | 91,192.00 | 61,800.82 | 4,100.82 | 68% | |
| Expenses | 689.87 | 415.22 | - | 274.65 | 60.2% | 274.65 | | | | | 4,375.47 |
| | 91,881.87 | 58,115.22 | | 33,766.65 | 63.2% | | | | | | |
| **Civil & Enviromental Engineers** | | | | | | | | | | | |
| Fees | 412,799.50 | 199,788.00 | 39,136.00 | 173,875.50 | 53.5% | | 373,663.50 | 253,231.75 | 53,443.75 | 68% | |
| Expenses | 165,276.61 | 99,329.91 | 14,423.77 | 51,522.93 | 65.8% | 51,522.93 | | | | | 104,966.68 |
| | 578,076.11 | 299,117.91 | 53,559.77 | 225,398.43 | 57.0% | | | | | | |
| **McGuireWoods** | | | | | | | | | | | |
| Fees | 1,988,267.00 | 553,369.00 | 51,059.00 | 1,383,839.00 | 28.6% | | 1,937,208.00 | 1,312,845.86 | 759,476.86 | 68% | |
| Expenses | 58,362.93 | 30,048.50 | - | 28,314.43 | 51.5% | 28,314.43 | | | | | 787,791.29 |
| | 2,046,629.93 | 583,417.50 | 51,059.00 | 1,412,153.43 | 29.2% | | | | | | |
| **Pietragallo** | | | | | | | | | | | |
| Fees | 284,965.00 | 43,300.00 | 12,114.50 | 229,550.50 | 15.9% | | 272,850.50 | 184,910.78 | 141,610.78 | 68% | |
| Expenses | 43,554.44 | 6,744.53 | 3,514.24 | 33,295.67 | 16.8% | 33,295.67 | | | | | 174,906.45 |
| | 328,519.44 | 50,044.53 | 15,628.74 | 262,846.17 | 16.0% | | | | | | |
| **Frost Brown Todd** | | | | | | | | | | | |
| Fees | 309,380.56 | 122,900.00 | - | 186,480.56 | 39.7% | | 309,380.56 | 209,667.21 | 86,767.21 | 68% | |
| Expenses | 7,252.96 | 5,059.42 | - | 2,193.54 | 69.8% | 2,193.54 | | | | | 88,960.75 |
| | 316,633.52 | 127,959.42 | | 188,674.10 | 40.4% | | | | | | |
| **MorrisAnderson** | | | | | | | | | | | |
| Fees | 163,200.00 | 90,000.00 | 11,050.00 | 62,150.00 | 59.2% | | 152,150.00 | 103,112.06 | 13,112.06 | 68% | |
| Expenses | 23,336.84 | 18,000.00 | 5,336.84 | - | 100.0% | - | | | | | 13,112.06 |
| Total | 186,536.84 | 108,000.00 | 16,386.84 | 62,150.00 | 63.5% | | | | | | |
| **CRO - Mark Welch** | | | | | | | | | | | |
| Fees | 21,250.00 | - | - | 21,250.00 | 0.0% | | 21,250.00 | 14,401.13 | 14,401.13 | 68% | |
| Expenses | 136.25 | - | - | 136.25 | 0.0% | 136.25 | | | | | 14,537.38 |
| Total | 21,386.25 | | | 21,386.25 | 0.0% | | | | | | |
| Fees | 3,817,916.56 | 1,437,026.50 | 113,359.50 | 2,267,530.56 | 40.6% | | 3,704,557.06 | 2,510,578.32 | 1,073,551.82 | | |
| Expenses | 312,780.36 | 168,311.59 | 23,274.85 | 121,193.92 | 61.3% | 121,193.92 | | | | | 1,194,745.74 |
| | 4,130,696.92 | 1,605,338.09 | 136,634.35 | 2,388,724.48 | 42.2% | | | | | | |