## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re ) | |
| ) | **Chapter 11** |
| **FREEDOM INDUSTRIES, INC.** ) | |
| ) | **Case No. 2:14-bk-20017** |
| Debtor. ) | |
| ) | **Related to Docket No. 871** |

### RESPONSE OF FREEDOM INDUSTRIES, INC. TO MOTION OF THE WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION TO (A) ALTER OR AMEND OR ALTERNATIVELY FOR RELIEF FROM THE ORDER DIRECTING PAYMENT OF THE FEES AND EXPENSES OF ARCADIS FROM THE ERT REMEDIATION FUND OR, IN THE ALTERNATIVE, (B) STAY THE ARCADIS ORDER AND FURTHER PROCEEDINGS TO CONFIRM A CHAPTER 11 PLAN PENDING APPEAL

And now, comes Freedom Industries, Inc., the debtor and debtor in possession herein ("Freedom" or the "Debtor") by and through its undersigned counsel and in support of its Response To Motion Of The West Virginia Department Of Environmental Protection To (A) Alter Or Amend Or Alternatively For Relief From The Order Directing Payment Of The Fees And Expenses Of ARCADIS From The ERT Remediation Fund Or, In The Alternative, (B) Stay The ARCADIS Order And Further Proceedings To Confirm A Chapter 11 Plan Pending Appeal (the "WVDEP Motion") and states as follows:

1. The Bankruptcy Court entered an order dated August 10, 2015 [Docket No. 871] (the "Order") denying approval of the Debtor's then-pending form of disclosure statement and providing for treatment of the Debtor's former Bankruptcy Court retained environmental consultant, ARCADIS U.S., Inc. ("ARCADIS") in a manner that required payment of one hundred percent of allowed fees and expenses. The Order likewise required that allowed and unpaid fees and expenses of ARCADIS (the "ARCADIS Fees") be paid from the earmarked environmental remediation fund commonly referred to as the ERT Remediation Fund. Freedom, through its Chief Restructuring Officer (the "CRO") understands the spirit of the Order was that the ARCADIS Fees were not, in the view of the Bankruptcy Court, to be treated on par with the fees and expenses of other professionals, but instead were to receive enhanced treatment.

2. The ERT Remediation Fund resulted from a comprehensive settlement (the "Chemstream Settlement") among the Debtor, Chemstream Holdings, Inc. and affiliated parties (collectively, "Chemstream"), West Virginia Department of Environmental Protection ("WVDEP") and other interested parties, and was memorialized in a settlement agreement dated June 15, 2015 (the "Chemstream Settlement Agreement") which was approved by order of the Bankruptcy Court dated July 8, 2015 [Docket No. 836].

3. Although the negotiations that led to the Chemstream Settlement were complex and difficult, its genesis was not. The Chemstream Settlement was driven by two converging forces. First, Freedom, in accordance with Consent Order No. 8034 is to remediate the Etowah River Terminal spill site to the satisfaction of WVDEP, and had run out of readily available cash required to continue to address matters at the Etowah River Terminal. Second, Chemstream was strongly motivated to extricate itself from Freedom's difficult and controversial bankruptcy case.

4. Among the provisions of the Chemstream Settlement Agreement were a requirement that Chemstream pay Freedom, among other settlement consideration, cash in the amount of $1,100,000, which was the initial funding source for the ERT Remediation Fund (see, section 3 of the Chemstream Settlement Agreement). The Chemstream Settlement Agreement also outlined and placed limitations on the manner in which the ERT Remediation Fund could be used by Freedom (see, sections 3 and 4 of the Chemstream Settlement Agreement).

5. Each of Freedom and WVDEP continue to honor the Chemstream Settlement, as it allows for final remediation of the Etowah River Terminal and is one of the foundations of Freedom's exit from bankruptcy through its proposed plan of liquidation.

6. WVDEP disagrees with the provision of the Order that requires ARCADIS Fees to be paid from the ERT Remediation Fund. Freedom understands and does not disagree with the basis upon which WVDEP challenges the Order[1]. Freedom, likewise, understands the perspective of the Bankruptcy Court with respect to treatment of the ARCADIS Fees.

7. Freedom is a party to the Chemstream Settlement Agreement and fully intends to continue to honor the terms and requirements of the Chemstream Settlement. To that end, Freedom has encouraged ARCADIS to settle the dispute with WVDEP relating to payment of the ARCADIS Fees, and has further expressed a willingness to actively participate in settlement dialogue. Freedom will do so understanding the perspective of the Bankruptcy Court relating to the ARCADIS Fees. Freedom's reliance upon negotiations and settlement to resolve the dispute involving the ARCADIS Fees is fully consistent with the manner in which Freedom has approached this bankruptcy case from its very beginning--address difficult matters through compromise rather than costly, risky and time consuming litigation. Freedom has every expectation that this matter can and will be resolved through fair compromise, just like every other matter that Freedom, through its CRO, has been required to address in this case.

8. The currently pending Third Modified Disclosure Statement dated August 12, 2015 (the "Disclosure Statement") and Third Modified Amended Plan of Liquidation dated August 12, 2015 clearly allow for such an approach. The Disclosure Statement, at pg. 9, explains entry of the Order, and the chart outlining creditor treatment and in particular, the treatment of professional fees and expenses, at pg. 5 states that the ARCADIS Fees will be paid in accordance with the Order, or "…if applicable, such other or further order of the Bankruptcy Court, or other court of competent jurisdiction…". The Plan, at section 2.2(a), provides for similar treatment of the ARCADIS Fees. A settlement of matters involving the ARCADIS Fees

---

[1] Freedom, however, disputes what it views as self-serving, political rhetoric that permeates the WVDEP Motion, and Freedom reserves all rights with respect to the allegations contained within the WVDEP Motion.

would require further order of the Bankruptcy Court in accordance with Federal Rule of Bankruptcy Procedure 9019.

9.    Prior to WVDEP filing the WVDEP Motion, undersigned counsel to Freedom expressed to counsel to WVDEP a willingness of Freedom to stipulate that Freedom will not disburse funds from the ERT Remediation Fund in respect of ARCADIS Fees pending entry of an appropriate final order addressing the ARCADIS Fees. Freedom, through the CRO, commits that unless and until such time as another or further order of the Bankruptcy Court relating to this matter is entered[2], Freedom will not pay the ARCADIS Fees from the ERT Remediation Fund. Freedom further commits to use good faith best efforts to resolve the dispute regarding the ARCADIS Fees in a manner that takes into account the CRO's understanding of the Bankruptcy Court's perspective on this matter.

10.   The Disclosure Statement and Plan have carefully been drafted in a manner that allows for payment of the fees and expenses of ARCADIS at such time as the dispute involving the ARCADIS Fees is resolved one way or the other. The second and final tranche of funding for the ERT Remediation Fund, i.e., the payment by Freedom of $1,400,000 under the Chemstream Settlement, occurs only upon confirmation of the Plan (see, section 5 of the Chemstream Settlement Agreement). The Chemstream Settlement requires WVDEP to support confirmation of the Plan. The Official Committee of Unsecured Creditors and Spill Claim Counsel also support the Plan. Freedom submits that no party in interest other than ARCADIS has expressed any objection to approval of the Disclosure Statement. Freedom further submits that the objection to approval of the Disclosure Statement by ARCADIS has been adequately addressed through the new language incorporated into the Plan and Disclosure Statement. Freedom likewise submits that the dispute involving the ARCADIS Fees does not form a basis to delay approval of the Disclosure Statement. Freedom urges the Bankruptcy Court to promptly enter an order approving the Disclosure Statement and setting a date for a hearing on confirmation of the Plan. No greater benefit can or will be conferred upon Freedom's creditors, including but not limited to WVDEP and ARCADIS, than that which will occur upon confirmation of the Plan.

WHEREFORE, Freedom Industries, Inc. respectfully requests that this Honorable Court (i) defer ruling on the WVDEP Motion for a period of twenty one (21) days[3] in order to allow for settlement negotiations to occur, (ii) approve the Disclosure Statement, establish deadlines for objections and voting on the Plan, and schedule a hearing on confirmation of the Plan, and (iii) grant such other or further relief as many be just and proper.

---

[2] In the unlikely event that WVDEP were to file an appeal of the Order, Freedom would only pay fees and expenses of ARCADIS from the ERT Remediation Fund upon entry of a final and non-appealable order of a court of competent jurisdiction requiring Freedom to do so.

[3] Within this period, Freedom with either cause appropriate settlement papers to be filed with the Bankruptcy Court, or file a status report relating to the ARCADIS Fees dispute with the Bankruptcy Court.

Dated: August 19, 2015 	Respectfully submitted,

**BARTH & THOMPSON**

Stephen L. Thompson (WV 3751)
J. Nicholas Barth (WV 255)
Barth & Thompson
P.O. Box 129
Charleston, West Virginia 25321
Telephone: (304) 342-7111
Facsimile: (304) 342-6215

and

**McGUIREWOODS LLP**

/s/ Mark E. Freedlander
Mark E. Freedlander (PA 70593)
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Facsimile: (412) 667-6050

Attorneys for the Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **In re** ) | |
| ) | **Chapter 11** |
| **FREEDOM INDUSTRIES, INC.** ) | |
| ) | **Case No. 2:14-bk-20017** |
| **Debtor.** ) | |
| ) | **Related to Docket No. 880** |

    The undersigned hereby certifies, under penalty of perjury, that true and correct copy of the Response To Motion Of The West Virginia Department Of Environmental Protection To (A) Alter Or Amend Or Alternatively For Relief From The Order Directing Payment Of The Fees And Expenses Of ARCADIS From The ERT Remediation Fund Or, In The Alternative, (B) Stay The ARCADIS Order And Further Proceedings To Confirm A Chapter 11 Plan Pending Appeal was served by Electronic Mail on the following individuals:

David L. Bissett
Office of the U.S. Trustee
David.L.Bissett@usdoj.gov

Debra A. Wertman
Office of the U.S. Trustee
Debra.A.Wertman@usdoj.gov

Douglas L. Lutz
Counsel to the Committee of Unsecured Creditors
DLutz@fbtlaw.com

Kevin Barrett
Counsel to West Virginia Department of Environmental Protection
KBarrett@baileyglasser.com

Joseph Supple
Counsel to Arcadis U.S. Inc.
info@supplelaw.net

Dated: August 19, 2015

Respectfully submitted,

**McGUIREWOODS LLP**

*/s/ Mark E. Freedlander*
Mark E. Freedlander (PA 70593)
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Facsimile: (412) 667-6050
mfreedlander@mcguirewoods.com

*Attorney for the Debtor and Debtor-in-Possession*