UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

In re Chapter 11

FREEDOM INDUSTRIES, INC. Debtor            Case No. 2:14-bk-20017

Related to Docket No. 235

NOTICE OF AMENDED SEVEN MONTH FEE STATEMENT OF JANET L THOMPSON, INDEPENDENT PRALEGAL

Janet L Thompson ("Applicant"), Independent Paralegal, files her AMENDED Notice of First Fee Statement, for the Period January 13, 2014 through August 25, 2014 (the "Notice").

**Name of Applicant**

Janet L Thompson, Independent Paralegal

**Authorized to Provide Professional Services to**:

David L Bissett, Trustee

**Date of Retention**:

June, 2014

**Period for which Compensation and reimbursement is sought:**

January 13, 2014 to August 25, 2014

**Total Fees Sought**:

$10, 000.00

**Total Fees to be Paid**:

$10,000.00

**Total Expenses Sought and Paid**:

Amounts Included Fees

**Prior Fees Paid to Applicant**

$ 0.00

**Prior Expenses Paid to Applicant**

$ 0.00

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

In re Chapter 11

FREEDOM INDUSTRIES, INC., (Debtor)   Case No. 2:14-bk-20017

Related to Docket No. 235

"

"AMENDED" FIRST FEE STATEMENT OF JANET L THOMPSON, INDEPENDENT PARALEGAL FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 13, 2014 THROUGH AUGUST 25, 2014

1. The "implied order" granting the application and thus the "Applicant" to proceed was given on or about June 2015.

2. This is a fee statement for the period of January 13, 2014 through August 25, 2014 AMENDED "[First] Fee Period") and is submitted pursuant to a "Implied In-Fact agreement.

3. Total fees sought for the Fee Period are $10,000.00. Total compensation sought for the Fee Period is $10,000.00.

4. Incorporated and already filed with the Court is Exhibit A: Brief and Documents, which attest to the magnitude of time, labor, expense…costs that the "Applicant", Independent Paralegal, has expended over a period of seven months….

The content and the context of this exhibit/information is/was very crucial and relevant to the outcome of the current bankruptcy proceedings, regarding the debtor and its unsecured creditors, and thus further supports the Compensation applied for, by the "Applicant", Independent Paralegal.

*[signature]* 9-25-2015

Respectfully Submitted,

Janet L Thompson, Independent Paralegal
Dated: September 25-2015

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

In re Chapter 11

FREEDOM INDUSTRIES, INC.  Debtor                                  Case No. 2:14-bk-20017

APPLICANT BRIEF/EVIDENCE IN SUPPORT OF FEES

FACTS

Beginning about June? 2015, the Applicant began having several conversations with Mr. Bisset, Trustee concerning the Freedom Bankruptcy case regarding information she had researched out.

Part of that information was submitted to Mr. Bissett on or about August 3, 2015, which contained Proof of

1. Fraudulent transfer by Freedom/Gary Southern to Carson in the "sale of Poca/Lexycon....to themselves Freedom/Chemstream/Southern

2. Gary Southern and Carson lying to the Honorable Court under oath; as to the real parties to the transfer, the relationship between the "seller" and the "buyer"

3. Gary Southerns' attempt to cover-up his ownership in the Cascada Property; hiding an asset that would be available to creditors.

4. The information also showed multiple other assets available to creditors: Silverlake to ANJAC.

5. Mr. Bassett, did constantly state to the Applicant during the various conversations that she "should look out for herself" when she expressed concerns that she did not want to interfere with any ongoing investigations, by his office or the prosecutors/Booth. And he repeated said when she expressed that there was a multitude of other information via her research, which proved deliberate insolvency of the companies-distributions, planned illegal mergers, IRS fraud, criminal knowledge of the spill, membership changes and cover-up of spills, etc.

6. When contacted about the first fee application, Mr. Bassett stated the Court already knew this information and that it was available in newspaper articles.

   [Articles of incorporation, Membership, Related Entities Mortgages and Deeds were not in the newspaper nor in Court files, until the Applicant submitted said to the Trustee and later to the clerk in her application for fees]

7. In a follow-up conversation via voice message and subsequent call back; I informed Mr. Bissett that if the Court already knew…then he and the judge were a part of the Lexycon fraud. He stated that they did not know "that part" (referring to my exhibit) and that he would check my information out {all exhibits were already attached}

   Applicant believes that her information was utilized in regards to some charges being initiated against Southern… January and May 2015…after her submissions….

In support of her fees:

An implied-in-fact contract is simply an unwritten, nonexplicit contract that courts treat as an express written contract because the words and actions of the parties reflect a consensual transaction.

<u>An implied-in-fact contract arises from an actual agreement that was not memorialized in writing, and if an agent of the government entered into an agreement, a court could find consent to suit [payment} [my insertion], on the part of the government.</u>

<u>Applicant believes there was an "implied contract"/"agreement" between herself and the Trustee;</u>

<u>The Applicant made an Offer of Information and He Excepted...He next acted upon it and therefore she is to receive fair compensation, in that the fraud and lies to the Court and the hidden assets, in that information, were of value to the Bankruptcy case,</u>

To avoid an unjust result, the court can create a fictitious agreement where no legally enforceable agreement exists.

Respectfully Submitted,

Janet L Thompson

Dated: September 25, 2015