IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In Re:

**FREEDOM INDUSTRIES, INC.,**

    Debtor.

Case No. 14-bk-20017
Chapter 11

## ADMINISTRATOR'S MOTION FOR AN ORDER CLARIFYING THE CHAPTER 11 CONFIRMATION ORDER CONCERNING THE SALE OF THE ETOWAH RIVER TERMINAL PROPERTY

Robert L. Johns, Spill Claims Administrator ("Administrator"), by and through his undersigned attorney, hereby submits this *MOTION FOR AN ORDER CLARIFYING THE CHAPTER 11 CONFIRMATION ORDER CONCERNING THE SALE OF THE ETOWAH RIVER TERMINAL PROPERTY* (the "Motion"). In support of this Motion, the Administrator states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as Article XII of the Debtor's "Third Modified Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed By Freedom Industries, Inc. Dated August 12, 2015" [Docket # 874] (the "Plan").

**Background for the Motion**

2. The Etowah River Terminal (the "Property") is a parcel of real estate owned by the Debtor's Estate from which a chemical spill emanated in January, 2014.

3. An integral part of the Plan involved the remediation of environmental damage to the Property pursuant to an Agreement with the West Virginia Department of Environmental

Protection ("WVDEP") (the "VRP Agreement"), as well as Consent Order # 8027 issued by the WVDEP (the "Consent Order").

4. The Administrator has completed the required remediation and has, on March 1, 2018, executed a Land Use Covenant pursuant to VRP Project #15017 which has been placed of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Deed Book 2295, at Page 73, (the "VRP Covenants") [Copy attached hereto as Exhibit A]. The Administrator has received a Certificate of Completion of VRP Project #15017 from the WVDEP [Copy attached hereto as Exhibit B].

### Clarification of Confirmation Order Re: Section 363

5. In order to maximize the proceeds from the sale of the Property for the benefit of the Class Five Spill Claims Fund, the Administrator now plans to engage Joe R. Pyle Auctioneers to conduct an auction sale of the Property. The interests of the estate and the creditors of the estate are best served by selling the Property for fair consideration in order to liquidate the assets of the Debtor's estate in a timely fashion and to insure that the Class Five claimants receive funds to which they are properly entitled.

6. Section 14.1 of the Plan provides in relevant part as follows:

"the Confirmation Order shall, in accordance with sections 363 and 1123(a)(5)(D) of the Bankruptcy Code, authorize and approve the sale of the Etowah River Terminal free and clear of all liens, claims, encumbrances and interests, subject, however, to legal and contractual obligations of any such purchaser to perform obligations of the Debtor in accordance with the VRP Agreement and/or Consent Order.

7. While the Confirmation Order [Docket # 914] generally approved the Plan (paragraph 1) and generally authorized the Administrator to sell assets of the estate (paragraph 17),

the Order does not expressly "authorize and approve the Sale of the Etowah River Terminal free and clear of all liens, claims, encumbrances and interests [but subject to the VRP Covenents]."

8.  The Administrator believes that an Order from the Court clarifying that the Confirmation Order authorizes and approves the Administrator's Sale of the Etowah River Terminal, pursuant to section 363 of the Bankruptcy Code, but subject to the VRP Covenants, will resolve any questions as to whether the ultimate purchaser can rely on the protections of section 363.

### Clarification of Confirmation Order Re: Sale Proceeds

9.  Section 11.1 of the Plan provides that all equity interests in the Debtor vest in the Administrator, and Section 4.6 provides that equity interests in the Debtor shall be issued to the Administrator, <u>"for the benefit of the holders of Class 5 Spill Claims"</u> [Emphasis Added].

10. While paragraph 12 of the Confirmation Order provides that all equity interests in the Debtor vest in the Administrator, the Order does not expressly provide that the net proceeds of the sale of the Etowah River Terminal are for the benefit of the Class 5 Spill Claims Fund.

11. The Administrator believes an Order clarifying that the net proceeds of the sale of the Etowah River Terminal are for the benefit of the Class 5 Spill Claims Fund would avoid any uncertainty about the use of those funds.

### Request for Order

**ACCORDINGLY**, the Administrator respectfully requests that this Court enter an Order in the form of the draft Order filed simultaneously herewith, **ORDERING**

1.  That the Etowah River Terminal Property shall be sold by public auction free and clear of all liens, claims, encumbrances and interests, except for the VRP Covenants, pursuant to section 363 of the Bankruptcy Code; and

3. That the net proceeds of the sale of the Etowah River Terminal Property, after deductions for the expenses of sale, including the Administrator's fees and expenses, are for the benefit of the Class 5 Spill Claims Fund.

        Respectfully submitted,

        Robert L. Johns
        Spill Claims Administrator for
        Freedom Industries, Inc.

        By Counsel

*/s/ Wendel B. Turner*

Robert L. Johns
Wendel B. Turner
Turner & Johns PLLC
216 Brooks Street, Suite 200
Charleston, West Virginia 25301
(304) 720-2300

*Counsel for Robert L. Johns, Spill Claims Administrator*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

**FREEDOM INDUSTRIES, INC.**                          Bankruptcy Case No. 14-bk-20017
                                                                        Chapter 11
         Debtor.

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this ___4th___ day of September, 2018, a copy of the foregoing "ADMINISTRATOR'S MOTION FOR AN ORDER CLARIFYING THE CHAPTER 11 CONFIRMATION ORDER CONCERNING THE SALE OF THE ETOWAH RIVER TERMINAL PROPERTY" and Proposed "ORDER CLARIFYING THE CHAPTER 11 CONFIRMATION ORDER CONCERNING THE SALE OF THE ETOWAH RIVER TERMINAL PROPERTY" have been served on all interested parties in this case, who receive notices through the Court's ECF system.

/s/ Wendel B. Turner
Wendel B. Turner