Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: September 21st, 2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In Re:

**FREEDOM INDUSTRIES, INC.,**

      Debtor.

Case No. 14-bk-20017
Chapter 11

**ORDER CLARIFYING THE CHAPTER 11 CONFIRMATION ORDER CONCERNING THE SALE OF THE ETOWAH RIVER TERMINAL PROPERTY**

On September 19, 2018, Robert L. Johns, Spill Claims Administrator ("Administrator"), by counsel, Wendel B. Turner, appeared for a hearing on the ADMINISTRATOR'S MOTION FOR AN ORDER CLARIFYING THE CHAPTER 11 CONFIRMATION ORDER CONCERNING THE SALE OF THE ETOWAH RIVER TERMINAL PROPERTY (the "Motion"), in connection with the Administrator's performance of duties under the Confirmed Plan in this case (the "Plan") [Docket # 874].

Whereupon, counsel for the Administrator presented the justification for the request for clarification of the Confirmation Order [Docket # 914] with respect to the Administrator's planned auction sale of the Etowah River Terminal Property.

1

The Court having reviewed the applicable Plan provisions, the terms of the Confirmation Order, and the arguments of counsel for the Administrator, and FINDING that the requested clarifications will facilitate the sale and avoid any ambiguities related to the sale of the Etowah River Terminal Property, does hereby:

**ORDER** that the Administrator's Motion is GRANTED; and it is further

**ORDERED** that, pursuant to the provisions of 11 U.S.C. §363(b), the Trustee shall be, and is, authorized to sell the Etowah River Terminal Property by public auction free and clear of all liens, claims, encumbrances and interests, except for that certain Land Use Covenant pursuant to VRP Project #15017 executed by the Administrator on March 1, 2018, and of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Deed Book 2995, at Page 73, (the "VRP Covenants"), pursuant to section 363 of the Bankruptcy Code consisting of those certain parcels of real estate situate in Elk District, Kanawha County, West Virginia, as described in that certain Deed of record in the said Clerk's Office, in Deed Book No. 2867, at Page 867, having an address of 1015 Barlow Drive, Charleston, West Virginia, and designated as tax parcels 30, 31, 32, and 33 of tax map 44 L, District 15, in Kanawha County, West Virginia tax records, and it is further

**ORDERED** that, pursuant to the provisions of 11 U.S.C. §363, the sale of the Etowah River Terminal Property by the Trustee to the Purchaser by public auction shall be sold with special warranty, on an "As Is, Where Is" basis; and it is further

**ORDERED** that the Trustee shall be, and is, authorized to perform his obligations as seller under the terms of the public auction and is further authorized pursuant to the provisions of Rule 6004(f)(2) of the Federal Rules of Bankruptcy Procedure to execute and deliver all documents

necessary for the conveyance of the title to the Etowah River Terminal Property to the Purchaser; and it is further

**ORDERED** that all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Etowah River Terminal Property to the Purchaser in accordance with the terms of this Order; and it is further

**ORDERED** that, pursuant to the provisions of 11 U.S.C. §363(f), the Trustee shall be, and is, authorized to sell the Etowah River Terminal Property free and clear of all liens, claims, encumbrances, pledges, security interests, and charges of whatever type or description, except for the VRP Covenants, which covenants shall continue to be an encumbrance upon the Etowah River Terminal Property; and it is further

**ORDERED** that, the Purchaser shall have the full protections of Section 363(m) of the Bankruptcy Code and any other applicable or similar bankruptcy and non-bankruptcy law; and it is further

**ORDERED** that, effective on the closing date of the sale, all persons and entities, to the extent allowed by law, are forever prohibited and enjoined from commencing or continuing in any manner or action or other proceeding, whether in law or in equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser, its successor and assigns, or the Etowah River Terminal Property, based upon or with respect to any interest, claim, or liability of which the sale of the Etowah River Terminal Property is free and clear under the terms of this Order; and it is further

**ORDERED** that the Trustee has established sound business justifications in support of the sale by auction; and it is further

**ORDERED** that the transactions contemplated in the Motion, as approved and implemented herein, are in compliance with all applicable Bankruptcy Code provisions, including but not limited to, 11 U.S.C. §§ 363(b), (f) and (m); and it is further

**ORDERED** that all valid liens, claims, encumbrances, pledges, security interests and charges against the Etowah River Terminal Property, except for the VRP Covenants, shall attach to the proceeds of the sale of the Etowah River Terminal Property; and it is further

**ORDERED** that this Order is and will be binding upon and govern the acts of all entities to the extent allowed by law, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the terms of the public auction of the Etowah River Terminal Property; and it is further

**ORDERED** that the Court shall, and does, retain jurisdiction over the Etowah River Terminal Property for the purposes of enforcing the provisions of this Order; and it is further

**ORDERED** that, pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order will be effective immediately upon entry, and it is further

**ORDERED** that, the net proceeds of the sale of the Etowah River Terminal Property, after deductions for the expenses of sale, including the Administrator's fees and expenses, as provided in the Plan, are for the benefit of the Class 5 Spill Claims Fund.

Presented By:

*[signature]*

Robert L. Johns
Wendel B. Turner
Turner & Johns PLLC
216 Brooks Street, Suite 200
Charleston, West Virginia  25301
(304) 720-2300

*Counsel for Robert L. Johns, Spill Claims Administrator*